*282 OPINION OF THE COURT
Jasen, J.
At issue on this appeal is whether a prior nonconforming use involving the extraction of sand, gravel and related materials from a parcel of land extends to the entire parcel or is limited to that portion of the parcel actually excavated at the time the municipality adopted a zoning ordinance prohibiting the expansion of the nonconforming use.
In this article 78 proceeding, petitioner seeks to annul a determination of the Board of Zoning Appeals of the Town of Camillus. The property in question is a 25-acre parcel of land located in the Town of Camillus. Petitioner, a domestic corporation engaged in the business of quarrying gravel, purchased the property on April 27, 1978 from Arthur Herring. Mr. Herring acquired the property in 1926 and from that date had engaged in the business of extracting various grades of sand, gravel, topsoil and fill from the parcel which he sold commercially. Over the years during which he conducted this business, Mr. Herring made various improvements to the land, including an interior network of haul roads extending across the length of the parcel, a structure located in the center of the property housing processing equipment for excavated materials and a storage shed for tools used in the mining operation. Although his principal activities were concentrated in a five-acre portion of the parcel where a clearly identifiable excavation developed, Mr. Herring occasionally would, depending on the demands of his customers, strip topsoil and extract various types and gradations of surface gravels from throughout the property.
Effective September 27, 1961, the property in question was zoned residential R-3. Section 26-15 of the new zoning ordinance provided in pertinent part:
"All building structures and uses not conforming to the regulations of the district in which they are located at the time of adoption of this Ordinance shall be known and regarded as 'nonconforming’.
"A nonconforming * * * use may be continued subsequent to adoption of this Ordinance provided that * * * no such use shall be enlarged or increased to occupy a greater area of land than was occupied at the effective date of the adoption of this Ordinance.”
Thereafter, the Town of Camillus adopted an ordinance re *283 quiring those engaging in the excavation of soil and earth to obtain a permit from the town building inspector.
In early 1977, petitioner contracted with Mr. Herring to purchase the property contingent upon petitioner’s acquisition of an excavation permit. Petitioner then prepared and submitted to the town topographic maps and reclamation plans which called for excavation of approximately 20 acres of the parcel. On March 31, 1978, the town building inspector issued petitioner a one-year mining permit. Thereafter, petitioner purchased the property from Mr. Herring.
On April 5, 1978, a councilman for the Town of Camillus appealed the building inspector’s issuance of the permit to the Board of Zoning Appeals of the Town of Camillus (hereinafter the "Board”). After a public hearing was held to consider the matter, the Board revoked petitioner’s excavation permit, apparently finding that petitioner’s proposed activities would constitute an improper expansion of Herring’s prior nonconforming use. Petitioner then commenced the present article 78 proceeding seeking to annul the Board’s determination.
At Special Term, petitioner contended that the Board had acted arbitrarily in revoking the excavation permit because petitioner had a right to engage in the planned excavation as the present owner of the prior nonconforming use established by Mr. Herring. Special Term rejected petitioner’s contention and dismissed the petition, finding that only five acres of the 25-acre parcel actually had been mined by Herring at the time of the 1961 zoning ordinance and that the nonconforming use could not be extended beyond the five-acre portion so mined.
A unanimous Appellate Division reversed and annulled the Board’s determination. The Appellate Division found that even though petitioner’s predecessor in interest may not have excavated on every portion of the parcel, Mr. Herring’s activities on the property prior to the 1961 zoning ordinance sufficiently manifested an intent to appropriate the entire parcel of land for purposes of excavation and quarrying. Accordingly, the Appellate Division concluded that petitioner was entitled to the benefit of Herring’s nonconforming use which extended to the entire 25 acres of the parcel. We agree.
Before reaching the issue of the extent of the prior nonconforming use, we note that the Board failed to make any factual findings in support of its determination. Ordinarily, such a deficiency would require that the matter be remanded to the Board as proper judicial review of such determinations *284 is impossible unless the zoning authority makes findings of fact and delineates those findings which provided the basis for its decision. (Matter of Community Synagogue v Bates, 1 NY2d 445, 454-455; Matter of Collins v Behan, 285 NY 187; cf. Matter of Elite Dairy Prods. v Ten Eyck, 271 NY 488, 498.) However, because the record clearly indicates that the Board’s action in revoking petitioner’s excavation permit is contrary to law, we agree with the approach taken by the Appellate Division in not remanding the matter in order for the Board to go through the formality of making factual findings in support of a determination which cannot be sustained. (Cf. Matter of Von Kohorn v Morrell, 9 NY2d 27, 34; Matter of New York City Housing & Redevelopment Bd. v Foley, 23 AD2d 84, affd 16 NY2d 1071; see, also, Elmira Soc. for Prevention of Cruelty to Animals v Town Bd. of Town of Big Flats, 58 AD2d 691.)*
The parties do not dispute that Mr. Herring acquired a nonconforming use at the time of the enactment of the 1961 zoning ordinance or that petitioner, as the present owner of the property, is entitled to protection in its continued enjoyment of that use. (Town of Somers v Camarco, 308 NY 537; People v Miller, 304 NY 105.) Rather, the sole point of contention between the parties relates to the extent of the nonconforming use to which petitioner is entitled.
While the precise question presented on this appeal has not heretofore been considered by this court, the rules relating to nonconforming uses are well settled. Although the overriding policy of zoning is aimed at the ultimate elimination of nonconforming uses (Matter of Harbison v City of Buffalo, 4 NY2d 553, 559-560), nevertheless, a zoning ordinance cannot prohibit an existing use to which the property has been devoted at the time of the enactment of the ordinance. (Ilasi v City of Long Beach, 38 NY2d 383, 387; Lutheran Church in Amer. v City of New York, 35 NY2d 121, 129.) However, to establish a right to a nonconforming use, the person claiming the right must demonstrate that the property was indeed used for the nonconforming purpose, as distinguished from a mere contemplated use, at the time the zoning ordinance became *285 effective. (See Matter of Harbison v City of Buffalo, 4 NY2d 553, supra; People v Miller, 304 NY 105, supra; see, generally, 3 Rathkopf, Law of Zoning and Planning, p 58-3.) Moreover, although not every inch of the property need be embraced by the use in order to entitle the entire parcel to exemption from a restrictive ordinance, by the same token use of a limited portion of the premises will not necessarily serve to pre-empt the entire parcel as against a later prohibitory zoning ordinance. (See, e.g., Matter of Dolomite Prods. Co. v Kipers, 23 AD2d 339, affd 19 NY2d 739; see, generally, 82 Am Jur 2d, Zoning and Planning, § 197.)
The test most often employed in determining the extent of a nonconforming use is "whether the nature of the incipient nonconforming use, in the light of the character and adaptability to such use of the entire parcel, manifestly implies an appropriation of the entirety to such use prior to the adoption of the restrictive ordinance.” (Matter of Fairmeadows Mobile Vil. v Shaw, 16 AD2d 137, 142, quoting Gross v Allan, 37 NJ Super 262, 272.) Application of this standard necessarily entails an examination of the nature of the particular nonconforming use in issue as well as the activities engaged in by the landowner in effectuating that use prior to the adoption of the restrictive ordinance.
By its very nature, quarrying involves a unique use of land. As opposed to other nonconforming uses in which the land is merely incidental to the activities conducted upon it (see, e.g., Matter of Off Shore Rest. Corp. v Linden, 30 NY2d 160; Matter of Harbison v City of Buffalo, 4 NY2d 553, supra; Matter of Cave v Zoning Bd. of Appeals of Vil. of Fredonia, 49 AD2d 228), quarrying contemplates the excavation and sale of the corpus of the land itself as a resource. Depending on customer needs, the land will be gradually excavated in order to supply the various grades of sand and gravel demanded. Thus, as a matter of practicality as well as economic necessity, a quarry operator will not excavate his entire parcel of land at once, but will leave areas in reserve, virtually untouched until they are actually needed.
It is because of the unique realities of gravel mining that most courts which have addressed the particular issue involved herein have recognized that quarrying constitutes the use of land as a "diminishing asset”. (See, e.g., County of Du Page v Elmhurst-Chicago Stone Co., 18 Ill 2d 479.) Consequently, these courts have been nearly unanimous in holding *286 that quarrying, as a nonconforming use, cannot be limited to the land actually excavated at the time of enactment of the restrictive ordinance because to do so would, in effect, deprive the landowner of his use of the property as a quarry. (McCaslin v City of Monterey Park, 163 Cal App 2d 339; County of Du Page v Elmhurst-Chicago Stone Co., 18 Ill 2d 479, supra; Hawkins v Talbot, 248 Minn 549; Moore v Bridgewater Twp., 69 NJ Super 1; Borough of Cheswick v Bechman, 352 Pa 79; but see Town of Wayland v Lee, 325 Mass 637.)
In this case, quarrying has been conducted on the property since 1926. From that time, materials have been removed from various portions throughout the parcel. For example, fine gravel was taken from the northern section while coarse and medium size gravel was mined from the southern areas. As mentioned earlier, service roads were placed throughout the parcel and a processing structure was erected strategically in the center of the property. In fact, no part of the land was ever dedicated to a use other than the quarrying of sand and gravel. Given such outward manifestations of intent and in light of the unique character of the business engaged in, it can only be concluded that the nonconforming use extends throughout the property even though the principal excavation was limited to a five-acre portion of the parcel.
This is not to say that a landowner, merely by preparing to engage in a gravel operation and undertaking a few self-serving acts of a very limited nature, will have thrown a protective mantle of nonconforming use over his entire parcel of land as against a later prohibitory zoning ordinance. Nor is it possible to extend the protection of a permitted nonconforming use established on one parcel of land to physically separate though adjoining parcels. (Matter of Dolomite Prods. Co. v Kipers, 23 AD2d 339, affd 19 NY2d 739, supra; New York Trap Rock Corp. v Town of Clarkstown, 1 AD2d 890, affd 3 NY2d 844.) But where, as here, the owner engages in substantial quarrying activities on a distinct parcel of land over a long period of time and these activities clearly manifest an intent to appropriate the entire parcel to the particular business of quarrying, the extent of protection afforded by the nonconforming use will extend to the boundaries of the parcel even though extensive excavation may have been limited to only a portion of the property.
In conclusion, our holding in no sense affords petitioner a carte blanche to engage in its mining operation. To the *287 contrary, the town can adopt measures reasonably regulating the manner in which petitioner uses its quarry (Town of Hempstead v Goldblatt, 9 NY2d 101, affd 369 US 590) and may even eliminate this nonconforming use provided that termination is accomplished in a reasonable fashion (see Modjeska Sign Studios v Berle, 43 NY2d 468; Matter of Harbison v City of Buffalo, 4 NY2d 553, 562-563, supra). The town, however, may not prevent petitioner from doing that which it has a legal right to do by arbitrarily denying petitioner a permit to continue to use the land in conjunction with the previously engaged in quarrying operation. (Town of Somers v Camarco, 308 NY 537, 541, supra.)
Accordingly, the order of the Appellate Division should be affirmed, with costs.

 Our failure to remand in this case is not the result of a factual determination on our part. As the dissent properly notes, we have no power to find facts. Rather, our holding is premised upon our view that the record before the Board supports but one conclusion, to wit: petitioner’s nonconforming use extends throughout the parcel. Hence, under these circumstances, a remand to the Board is unnecessary.