■ In the Matter of JOHN RODRIGUES, Appellant-Respondent, v LEWELL ROSENTHAL et al., Constituting the Board of Appeals of the Village of Larchmont, Respondents-Appellants. —In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Appeals of the Village of Larchmont (board), which denied petitioner an area variance for two parcels of land, (1) petitioner appeals (a) from so much of a judgment of the Supreme Court, Westchester County (Cerrato, J.), entered April 26, 1983, as remitted the matter as to the parcel of land acquired by petitioner in 1968 back to the board for further consideration and (2) as limited his brief, from stated portions of an order and judgment (one paper) of the same court, entered October 18, 1983 which, *inter alia,* granted respondents-appellants' motion for reargument and, upon reargument, confirmed the board's determination as to the denial of an area variance for the parcel of land acquired in 1968, and (2) the board cross-appeals from (a) so much of the judgment entered April 26, 1983 as annulled the board's determination denying petitioner an area variance for a parcel of land acquired by petitioner's family prior to 1968 and (b) so much of the order and judgment entered October 18, 1983, as, upon reargument, adhered to its original determination concerning the parcel acquired prior to 1968.

Appeal and cross appeal from the judgment entered April 26, 1983 dismissed, without costs or disbursements. Said judgment was superseded by the order and judgment entered October 18, 1983, made upon reargument.

Order and judgment entered October 18, 1983 affirmed, without costs or disbursements.

Petitioner is the owner of property located at 2285 Boston Post Road, Larchmont, New York. The property was composed of three parcels (hereinafter referred to as parcels A, B, and C, respectively), totaling approximately six acres. Parcel A was

developed by petitioner's father as a commercial nursery and has been run as such since 1926. Title to parcel A was acquired by petitioner's family in 1959. Parcel B and C were not used as part of the nursery until they were acquired by petitioner in 1968 and 1972 respectively.

Under the Zoning Ordinance of the Village of Larchmont, enacted in 1954, petitioner's property was located in a one-family residential district which required a 30-foot setback from the property line. In 1979, petitioner constructed a greenhouse that straddled parcels A and B, directly on the property line. A dispute arose between the village and petitioner over the use of the greenhouse in a residential area. Eventually, a stipulation was entered into in which it was agreed that parcels A, B and C would be allowed to remain a commercial nursery in the residential zone. However, petitioner was required to apply for an area variance to allow the greenhouse to remain on parcels A and B in violation of the 30-foot set-back requirement.

Petitioner's application for a variance was denied after a public hearing. The board found that petitioner failed to show practical difficulties or financial hardship in moving the greenhouse to a point beyond the 30-foot set-back area. It further found that the position of the greenhouse along the property line created traffic problems, was unaesthetic, and injured the residential character of the zone. In the order and judgment made upon reargument, Special Term annulled the board's determination as to parcel A owing to the preexisting nonconforming use on said parcel. However, it confirmed the determination as to parcel B. Both parties appeal.

We affirm the order and judgment. There is no dispute that parcel A had a preexisting nonconforming use. The board contends that notwithstanding the nonconforming use of the property, it is still subject to residential set-back requirements. This is incorrect. Petitioner's family was engaged in substantial activities in running a commercial nursery on parcel A since 1926. Evidence was presented of numerous greenhouses being erected on the property line of parcel A prior to the enactment of the zoning ordinance. The activities on parcel A clearly manifested an intent to appropriate the entire parcel to the particular business of the nursery. Thus, the protection of the nonconforming use extended throughout the entire parcel, which was not subject to the later-imposed set-back requirement (*Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278; *Marra v State of New York,* 61 AD2d 38;

*Matter of Fairmeadows Mobile Vil. v Shaw,* 16 AD2d 137; *United Citizens v Zoning Bd.,* 109 Misc 2d 1080).

This protection, however, did not extend to parcel B. No nonconforming use was established on parcel B and petitioner cannot extend the nonconforming use of parcel A to parcel B merely because they are contiguous (*Matter of Syracuse Aggregate Corp. v Weise, supra,* p 278). While the stipulation, in effect, gave petitioner a use variance on parcel B, this variance was granted on the condition that petitioner apply for an area variance with regard to the greenhouse. Upon a review of the record we find that the denial of the area variance as to parcel B had a rational basis and is supported by substantial evidence (*Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Cowan v Kern,* 41 NY2d 591; *Matter of National Merritt v Weist,* 41 NY2d 438). Furthermore, we find that petitioner was in no way deprived of his due process rights at the administrative hearing. Therefore, the order and judgment must be affirmed. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.