■ In the Matter of RUDOLF STEINER FELLOWSHIP FOUNDATION, Respondent, v MARK DE LUCCIA et al., Appellants. [647 NYS2d 863] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Chestnut Ridge dated September 28, 1994, which, *inter alia,* denied the petitioner's application for a use variance, the appeal is from an order of the Supreme Court, Rockland County (Bergerman, J.), entered August 11, 1995, which annulled the determination of the Zoning Board of Appeals of the Village of Chestnut Ridge, directed that the petitioner not be required to apply for a use variance, and remitted the matter to the Zoning Board of Appeals of the Village of Chestnut Ridge for further consideration.

Ordered that on the court's own motion, the appellants' notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed, with costs.

Although the "protection of vested rights in a nonconforming structure existing at the time a prohibitory code is enacted does not extend to subsequent construction" (*Matter of Rembar v Board of Appeals,* 148 AD2d 619, 620), an extension or expansion of the nonconforming use will be permitted where it can be demonstrated that the nonconforming use forms an integral part of the original contemplated use of the entire parcel (*see, Matter of Syracuse Aggregate Corp. v Weise,* 72 AD2d 254, *affd* 51 NY2d 278; *Matter of Rodrigues v Rosenthal,* 112 AD2d 1000). Under the circumstances presented here, the Supreme Court properly determined that the petitioner had a pre-existing nonconforming use and that it had demonstrated that the proposed use was an integral part of the original plan for the entire parcel. Accordingly, the matter was properly remitted to the Zoning Board of Appeals of the Village of Chestnut Ridge for further consideration consistent with the Supreme Court's decision. Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.