■ In the Matter of Samuel L. Ouimet et al., Appellants, v Cliff Frasier, as Zoning Enforcement Officer of the Town of Lake George, et al., Respondents. [658 NYS2d 733] —Mercure, J.

Appeal from a judgment of the Supreme Court (Dier, J.), entered January 22, 1996 in Warren County, which, *inter alia*, dismissed petitioners' application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent Zoning Board of Appeals of the Town of Lake George denying petitioners' request for an annual operating permit for a mobile home park.

Petitioners are the owners and operators of a mobile home court located in the Town of Lake George, Warren County. It is undisputed that petitioners' mobile home court existed as a prior nonconforming use on August 10, 1992, the date of enactment of Town of Lake George Code § 175-57 (D) (1), which provided that "[t]he owner of a mobile home court or a campground must register with the town as to what they are, and the owners will be given three (3) years to comply with the existing regulations". In March 1995, petitioners applied for, *inter alia*, an operating permit (*see*, Town of Lake George Code § 175-57 [B] [2], [3]) to operate their mobile home court for the calendar year 1995. The application was denied by respondent Cliff Frasier, the Town's Zoning Enforcement Officer, and on appeal to respondent Zoning Board of Appeals of the Town of Lake George (hereinafter the ZBA), Frasier's determination was upheld. Petitioners then commenced this CPLR article 78 proceeding challenging the denial of their application. Supreme Court dismissed the petition and petitioners now appeal, contending primarily that both the ZBA and Supreme Court erred in failing to consider the issue of whether the three-year period set forth in Town of Lake George Code § 175-57 (D) (1) for elimination of petitioners' nonconformity was, under all the circumstances, unreasonable.

In our view, there is merit to the petition. Although the major thrust of petitioners' challenge, both before the ZBA and in Supreme Court, was that Frasier acted arbitrarily in denying petitioners an operating permit at a time when the three-year amortization period had not yet expired, petitioners also advanced the contention that, under the circumstances surrounding their case, the three-year period was insufficient to permit them a reasonable return on their investment. In the latter connection, we note that petitioners made a specific request for an opportunity to address such issues as initial capital investment, realization to date, life expectancy of investment, nature of business, improvements, detriment caused by the nonconforming use, character of neighborhood and time to amortize, and at the hearing petitioners provided the ZBA with some relevant financial data to assist in that in-

quiry. However, in rendering its decision, the ZBA failed to give any consideration to the question of reasonableness.

In view of the controlling law that the reasonableness of the amortization period must be determined on the facts of each particular case (see, *Modjeska Sign Studios v Berle*, 43 NY2d 468, 479-480, *appeal dismissed* 439 US 809), we conclude that the ZBA's omission constituted error. Under the circumstances, we are constrained to reverse Supreme Court's judgment, reinstate the petition and remit the matter to the ZBA for its consideration of the issue of the reasonableness of the zoning ordinance as applied to petitioners' property on the basis of the evidence presented at the September 1995 hearing and to make findings of fact in support of its decision (see, *Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278, 283-284).

As a final matter, because a determination of unreasonableness could impact beyond the period of the operating permit sought in 1995, we agree with petitioners that the proceeding is not moot.

Mikoll, J. P., Crew III, White and Peters, JJ., concur. Ordered that the judgment is reversed, on the law, with costs, and matter remitted to respondent Zoning Board of Appeals of the Town of Lake George for further proceedings not inconsistent with this Court's decision.