**Rubin STERNGASS, Plaintiff,**

v.

**TOWN OF WOODBURY and its Supervisor, Sheila H. Conroy, Defendant.**

**No. 05 CIV. 8786(CM).**

United States District Court, S.D. New York.

May 18, 2006.

Rubin Sterngass, Valley Cottage, NY, pro se.

David W. Silverman, Granik Silverman and Hekker, New City, NY, for Defendants.

## DECISION AND ORDER DISMISSING COMPLAINT

MCMAHON, District Judge.

The parties having complied with the court's March 13, 2006 directive, the court is now prepared to rule on defendants' motion for summary judgment dismissing the complaint.[1]

The motion is granted.

For a statement of facts, the reader is referred to the March 13 order, familiarity with which is assumed.

**Standards Applied**

Under Federal Rule of Civil Procedure 56(c), the court will grant summary judgment if the evidence offered shows that there is no genuine issue as to any material fact and that the movants are entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Furthermore, where a plaintiff cannot establish an essential element of his claim, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial." *Id.* at 322–33, 106 S.Ct. 2548.

On a motion for summary judgment, the court views the record in the light most favorable to the non-movants and resolves all ambiguities and draws all reasonable inferences against the movants. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962); *Donahue v. Windsor Locks Bd. of Fire Commn'rs,* 834 F.2d 54, 57 (2d Cir. 1987).

The pro se plaintiff has been provided, through the medium of the court's March 13 order, with directions about what he must prove in order to defeat the motion.

Before turning to a discussion of the various claims that may be asserted in the complaint, I must discuss some pertinent elements of the Zoning Law of the State of New York. I do so because, as defendants observe, plaintiff is under considerable misapprehension about that law.

Under the 1928 Zoning Code of the Town of Woodbury, plaintiff had the right to use his property as a summer bungalow colony. Woodbury has amended its Zoning Code several times since then, most recently in 1990, when the area was rezoned from an "R–1–B" District to an R–2A District: single family residential with a two acre minimum per single family house. Since at least 1976, the use of the land as a bungalow colony ceased to be an "of right" use for the property under the Zoning Code. *See* Decision of Woodbury Zoning Board of Appeals dated May 26, 1976, Def. Am. Stmt. of Material Facts, Ex. A at 4.

 However, an existing non-conforming use may continue after the enactment of a zoning ordinance that would render the same activity illegal if it were a

---

**1.** The procedural history of this action is somewhat convoluted. Originally, defendant Conroy moved to dismiss on the ground of qualified immunity. Her moving papers alleged that she had committed no constitutional violation, so the court recharacterized her motion as one for summary judgment on the merits and asked for further briefing. In response, both defendants moved for summary judgment, but on defective papers. Moreover, defendants' principal argument was that this court lacked jurisdiction, which was manifestly not the case. The March 13 order referred to in the first line of this decision declined to dismiss on the ground of lack of subject matter jurisdiction, advised plaintiff of his responsibilities under Fed.R.Civ.P. 56, and directed yet more briefing on the application for summary judgment—this time directed to the federal claims that plaintiff could possibly be pleading. The parties have (substantially) complied with that order.

new use. Indeed, consistent with the United States Constitution, it must be allowed to continue. But non-conforming uses (1) cannot be expanded; (2) cannot be abandoned; (3) cannot be changed to another use that does not conform to the zoning code in existence at the time of the proposed change in use.

■ Thus, plaintiff had a continuing right to use his property as a summer bungalow colony—even though no one could buy the property next to his and start a summer bungalow colony. But plaintiff could not expand the scope of the use (from the warmer months to the entire year, for example); he could not stop using the property as a bungalow colony and maintain the right to a non-conforming use; and he could not change the use of the property to any use that was forbidden for that property under the 1990 Zoning Ordinance.[2] Put otherwise, the fact that plaintiff was permitted to retain the non-conforming use permitted by the 1928 Zoning Code (which was in effect when he purchased the property in 1971) does not mean that the 1928 Zoning Code is the ordinance applicable to the property. His only right is to continue a pre-existing non-conforming use, without expansion or change.

■ The fact that plaintiff's property was rezoned does not violate the law. As the Second Circuit discussed in *Greene v. Town of Blooming Grove,* 879 F.2d 1061, 1065 (2d Cir.1989), under New York State law, a landowner has no vested interest in retaining the existing classification of his property. He does have an interest in being allowed to continue an existing use when the classification of the property changes—that is, he has a vested right to continue the particular non-conforming use

that existed on the property when it was rezoned. He has no other rights in respect of his pre-existing non-conforming use.

Plaintiff seems to believe that because he enjoys a right to maintain one particular non-conforming use after the passage of the 1990 Zoning Ordinance, he can use his property as he sees fit. As a matter of law, he is wrong. He can continue to run a bungalow colony. He can do absolutely nothing else with his property except build single family houses on it at a rate of one house per two acres—unless the Town of Woodbury grants him a variance.

With this in mind, we turn to the claims that can be gleaned from the factual pleadings in the pro se complaint.

### 1. Any Takings (Fifth Amendment) Claim Must Be Dismissed

■ The first potential federal cause of action suggested by the facts pleaded was a claim that plaintiff's property had been "taken" from him without just compensation in violation of his rights under the Fifth Amendment to the United States Constitution (regulatory takings), because plaintiff has been prevented from developing the property as he wishes.

The undisputed facts in the record indicate that plaintiff has never applied to the Town's Board of Zoning Appeals for a variance to permit him (or anyone who might purchase the subject property from him) to construct a multi-family residential or trailer park project. Indeed, the record reveals that plaintiff has been invited to file for a variance. But because of his steadfast belief that he has "rights" under the 1928 Zoning Code to develop his property as he sees fit in accordance with that long-superceded law, he refuses to do so.

---

2. Defendants suggest that the use of the property as a bungalow colony may in fact have

been abandoned. It is not necessary for the court to reach this question of fact.

In his various appearances before Woodbury's Planning Board, plaintiff has consistently maintained that the only law applicable to his property is the 1928 Zoning Ordinance, which would permit him to develop his property into multi-family housing. He takes the position that he does not need any variance, and from this position he will not be moved.

As a matter of law, plaintiff is wrong. He does need a variance in order to develop his property with multi-family residences or trailers, which is a new (not existing) non-conforming use that is not permitted by the current zoning code. As noted by the Town Supervisor in her original moving affidavit, plaintiff's March 29, 2005 letter seeking a special permit to allow the erection of senior citizen housing should have been directed to the Zoning Board of Appeals, but that was never done. The Town did ask the Planning Board to review the project, but without a variance, it could act only in an advisory capacity. It is this "inaction" that appears to have precipitated this lawsuit.

■ Plaintiff's Fifth Amendment takings claim must be dismissed because his failure to apply for permission (a variance) to do what he wishes means that his claim is not ripe for adjudication. *Williamson County Regional Planning Comm'n v. Hamilton Bank of Johnson City,* 473 U.S. 172, 105 S.Ct. 3108, 87 L.Ed.2d 126 (1985). Before a court can entertain a regulatory takings claim, the plaintiff must demonstrate that "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue." *Id.* at 186, 105 S.Ct. 3108. The plaintiff must also allege that he has sought just compensation by resort to the procedures set forth in state law. *Id.* at 194, 105 S.Ct. 3108.

Here, plaintiff has not received any final decision from the government entity charged with implementing the Town's Zoning Ordinance—the Zoning Board of Appeals—because he has not even bothered to apply for a ruling. Nor has he applied to the Town Board for a change of zone. His claim must therefore be dismissed as unripe. *Suitum v. Tahoe Regional Planning Agency,* 520 U.S. 725, 117 S.Ct. 1659, 137 L.Ed.2d 980 (1997); *Murphy v. New Milford Zoning Comm'n,* 402 F.3d 342, 347–48 (2d Cir.2005).

■ To the extent that plaintiff might be suggesting that changing the classification of his property in 1990 worked a regulatory taking, he is wrong as a matter of law. It does not work a taking of property to change a classification in a manner that makes it illegal to develop the land to its highest and best use. Even zoning changes that substantially diminish the value of land does not rise to the level of a constitutional taking. Rather, the plaintiff must be deprived of all use of his property for it to be "taken" in the Fifth Amendment, constitutional sense. *Dean Tarry Corp. v. Friedlander,* 650 F.Supp. 1544, 1550 (S.D.N.Y.1987), and cases cited.

Moreover, the Zoning Code was passed in 1990. If plaintiff did have a takings claim arising out of the rezoning (which he does not), it is far too late in the day for him to assert it.

### 2. Plaintiff's Due Process Claim Must be Dismissed

■ The next claim that the pro se plaintiff might conceivably be trying to assert is a claim that he was deprived of his property without due process of law. This claim, too, lacks legal merit.

■ Because, as noted above, a landowner in New York has no right to a continuation of the zoning classification ap-

plicable to his property, *Ellentuck v. Klein*, 570 F.2d 414, 429 (2d Cir.1978), a change in a zoning ordinance that alters the classification of a parcel does not "deprive" the landowner of his property. Only if the Town had attempted to prevent plaintiff from running a bungalow colony—the preexisting use—on the rezoned property would he be "deprived" of his property by virtue of the rezoning. A zoning ordinance cannot prohibit a use to which the property is lawfully devoted at the time the ordinance is enacted. *Syracuse Aggregate Corp. v. Weise*, 51 N.Y.2d 278, 284, 434 N.Y.S.2d 150, 414 N.E.2d 651 (1980). But that is not the case here. No one in Woodbury has suggested that Mr. Sterngass (or anyone who might purchase his property) cannot operate a bungalow colony on the subject property during the warm weather months. Of course, that is not what plaintiff wants to do. But his desire is not germane to the inquiry.

### 3. Plaintiff's Equal Protection Claim Must Be Dismissed

 If plaintiff here contends that he was denied equal protection because of the Town's refusal to acknowledge what he believes is his right to develop his property for multi-family housing, he is on the wrong track. In order to maintain a claim for an equal protection violation, plaintiff must establish that, "[He] has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Where, as here, the plaintiff is alleging what is colloquially known as a "class of one" claim, he cannot prevail unless, "the level of similarity between plaintiffs and the persons with whom they compare themselves must be extremely high." *Neilson v. D'Angelis*, 409 F.3d 100, 104 (2d Cir.2005). In fact,

the plaintiff and his comparators must be "prima facie identical." *Id.* at 105.

Plaintiff has not identified any other person who is similarly situated to him who has been allowed to do what he is not being allowed to do. That is, plaintiff has not identified any person who, without applying for a variance, was allowed to change and expand a pre-existing non-conforming use in order to develop his property in a way that was not authorized by the then-existing Zoning Ordinance. Therefore, the evidence does not make out an equal protection claim.

### 4. Plaintiff's Religious Discrimination Claim Must Be Dismissed

 The one federal claim that plaintiff (who is Jewish) clearly asserts is that the Town's refusal to let his property be developed for multi-family housing is grounded in religious discrimination—specifically, discrimination against Hasidic Jews, whom he presumes will be the users of the development he would like to see on his property.

In his response to the revised motion papers submitted by defendants after the court's March 13 order, Mr. Sterngass states that the taking of his "vested" property rights has "the undertone of religious oppression by enforcement of an invalid zoning amendment from 1953 to 1990." Plaintiff has consistently taken the position that a decision by the Town in 1953 (before he purchased the property) to limit the use of the parcel as a bungalow colony to "warmer months" was designed to curtail the growing influx of Hasidic Jews into the Town. He also contends that the Town's refusal in 1979 to rezone his property for multi-family residential was motivated by religious discrimination. He bases this latter contention, in whole or in part, on a statement made by a resident of the Town

at a Planning Board meeting he attended in 1979.

Any claim about actions taken or not taken by the Town in 1953 or in 1979 are of course barred by the three year statute of limitations applicable to a claim under 42 U.S.C. § 1983. Any claim that the Town's failure to redesignate plaintiff's property was motivated by religious discrimination should have been the subject of a lawsuit many years ago.[3]

Plaintiff—having been advised that he was required to offer concrete evidence to support his claim—offers no evidence that the Planning Board's recent refusal to approve a change in use of his property to a senior citizen housing project, in the absence of a variance from the Zoning Board of Appeals, was motivated by any impermissible anti-Semitism. For that reason, defendants are entitled to summary judgment dismissing plaintiff's claim of religious discrimination.

In short, this Court perceives no cognizable claim arising under federal law in the complaint. All federal claims are dismissed with prejudice.

### 5. Claim for Declaratory Relief Under State Law

█ The principal claim asserted by plaintiff is for declaratory relief—specifically, for a declaration that his property is subject to the 1928 Zoning Code. (See March 13, 2006 Order at p. 3). While this claim arises entirely under state law, this court (contrary to its earlier inclination) has decided to exercise supplemental jurisdiction over the claims for declaratory relief pursuant to 28 U.S.C. § 1367, and to dismiss the claim because, for the reasons stated above, plaintiff has no right to the relief he requests. His property IS subject to the 1990 Zoning Ordinance. He has NO vested right to change the use of the property in the manner he proposes, or to develop the property into a trailer park, multi-family housing or a senior citizens home. He is certainly free to pursue such projects, but the first item on his agenda would be to apply to the Zoning Board of Appeals for a variance.

This constitutes the decision and order of the court. All claims in the complaint are dismissed with prejudice and with costs to the defendants. The Clerk of the Court is directed to close the file.

---

**3.** The Court has already dismissed as timebarred any possible claim that the 1979 decision by the Town Board constituted a taking or violated plaintiff's due process rights. *See* March 13, 2006 order at p. 4.