Matter of Red Wing Props., Inc. v Town of Rhinebeck (2020 NY Slip Op 03119)





Matter of Red Wing Props., Inc. v Town of Rhinebeck


2020 NY Slip Op 03119


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
CHERYL E. CHAMBERS
PAUL WOOTEN, JJ.


2017-09563
 (Index No. 194/17)

[*1]In the Matter of Red Wing Properties, Inc., appellant,
v
Town of Rhinebeck, et al., respondents.


Bond, Schoeneck & King, PLLC, Syracuse, NY (Kevin M. Bernstein and Ryan P. Keleher of counsel), for appellant.
Warren S. Replansky, P.C., Rhinebeck, NY, for respondents Town of Rhinebeck and Town of Rhinebeck Town Board, and Grant & Lyons, LLP, Rhinebeck, NY (John F. Lyons and Kimberly A. Garrison of counsel), for respondents Town of Rhinebeck Zoning Enforcement Officer and Town of Rhinebeck Zoning Board of Appeals (one brief filed).



DECISION & ORDER
In a hybrid proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Town of Rhinebeck Zoning Board of Appeals dated December 21, 2016, confirming a determination of a zoning enforcement officer dated February 25, 2016, denying the petitioner/plaintiff's application for a determination that it has a vested right to mine its entire parcel of property as a prior nonconforming use, and action, inter alia, for a declaratory judgment, the petitioner/plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated July 27, 2017. The order and judgment, insofar as appealed from, denied the petitioner/plaintiff's motion, in effect, for summary judgment declaring that it has a vested right to mine its entire parcel of property as a prior nonconforming use, denied the petition, and dismissed the proceeding.
ORDERED that the order and judgment is modified, on the law, (1) by deleting the provision thereof denying the petitioner/plaintiff's motion, in effect, for summary judgment declaring that it has a vested right to mine its entire parcel of property as a prior nonconforming use, and substituting therefor a provision granting the motion to the extent of declaring that the
petitioner/plaintiff has a vested right to mine 94 acres of its property, and (2) by deleting the provision thereof denying the petition and dismissing the proceeding, and substituting therefor a provision granting the petition to the extent of annulling so much of the determinations dated December 21, 2016, and February 25, 2016, as found that the petitioner/plaintiff does not have a vested right to mine 94 acres of its property as a prior nonconforming use; as so modified, the order and judgment is affirmed insofar as appealed from, with costs to the petitioner/plaintiff payable by the respondents/defendants Town of Rhinebeck, Town of Rhinebeck Town Board, and Town of Rhinebeck Zoning Enforcement Officer, and the matter is remitted to the Supreme Court, Dutchess County, for the entry of an amended judgment, inter alia, declaring that the petitioner/plaintiff has a vested right to mine 94 acres of its property as a prior nonconforming use.
The petitioner/plaintiff (hereinafter the petitioner) is the owner of an approximately 241-acre parcel of property in the Town of Rhinebeck. It has operated a sand and gravel mine on [*2]the property since 1993. A New York State Department of Environmental Conservation (hereinafter DEC) permit issued in 2005 allowed the petitioner to mine 37.5 acres of the property.
In 2008, an application was submitted to the DEC for a permit allowing the petitioner to expand the life of mine area to 141 acres, along with a draft environmental impact statement. On a number of occasions, the DEC requested that additional information and/or studies be submitted to support the application, and the petitioner complied with those requests. One of the studies requested by the DEC was a study of an endangered turtle species on the property. That study spanned the course of six years and cost the petitioner in excess of $125,000. In 2010, a revised draft environmental impact statement was submitted to the DEC, which reduced the scope of the proposed expansion to 124 acres. In February 2015, the petitioner submitted another revised draft environmental impact statement to the DEC, which further reduced the scope of the proposed expansion to 94 acres.
In September 2015, while the petitioner's expansion application to the DEC was still pending, the Town enacted a new zoning law that allowed mining on only those lands in the Town upon which there were existing, DEC-permitted mining operations. The petitioner then submitted an application to the Town's Zoning Enforcement Officer (hereinafter ZOE) for a determination that it has a vested right to mine on the entirety of the subject property in spite of the new zoning law based on a prior nonconforming use. In a determination dated February 25, 2016, the ZOE denied the petitioner's application. Upon the petitioner's appeal, the Town's Zoning Board of Appeals (hereinafter ZBA) confirmed the ZOE's determination.
The petitioner subsequently commenced this hybrid proceeding pursuant to CPLR article 78, inter alia, to review the ZBA's determination and action, among other things, for a declaratory judgment, and moved, in effect, for summary judgment declaring that it has a vested right to mine its entire parcel of property as a prior nonconforming use. The Supreme Court denied the motion and the petition, and dismissed the proceeding. The petitioner appeals.
" [N]onconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance'" (Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d 127, 135, quoting People v Miller, 304 NY 105, 107). " By its very nature, quarrying involves a unique use of land. . . . [A]s a matter of practicality as well as economic
necessity, a quarry operator will not excavate his entire parcel of land at once, but will leave areas in reserve, virtually untouched until they are actually needed'" (Buffalo Crushed Stone, Inc. v Town of Cheektowaga, 13 NY3d 88, 98, quoting Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d 278, 285). "[W]here . . . the owner engages in substantial quarrying activities on a distinct parcel of land over a long period of time and these activities clearly manifest an intent to appropriate the entire parcel to the particular business of quarrying, the extent of [the] protection afforded by the nonconforming use will extend to the boundaries of the parcel even though extensive excavation may have been limited to only a portion of the property" (Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d at 286).
Here, on its motion, in effect, for summary judgment, the petitioner demonstrated that it engaged in substantial quarrying activities on a distinct parcel of land over a long period of time. The petitioner also demonstrated that in 2008, it manifested its intention to engage in mining activities throughout its entire parcel by submitting a permit application to the DEC, which permit was necessary in order for any mining activity, or preparatory activity, to proceed. Until the DEC issued a permit, the petitioner could not enlarge its extant mining operation. The petitioner also showed that it was pursuing its application with the DEC as expeditiously as possible. In February, 2015, before the Town enacted the subject ordinance, the petitioner amended its application so as to cover only 94 acres. Consequently, while the petitioner's original DEC application manifested its intention to mine its entire parcel, its 2015, pre-ordinance amendment, in effect, reflected its intention to utilize only 94 acres. Thus, the petitioner demonstrated that it has a vested right to mine those 94 acres as a prior nonconforming use (see Jones v Town of Carroll, 15 NY3d 139, 144-146; Glacial Aggregates LLC v Town of Yorkshire, 14 NY3d at 138; Buffalo Crushed Stone, Inc. v Town of Cheektowaga, 13 NY3d at 103; Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d at 286-[*3]287). In opposition, the respondents/defendants failed to raise a triable issue of fact. Further, for the same reasons, the petitioner demonstrated that so much of the ZBA's determination as found that the petitioner does not have a vested right to mine those 94 acres was affected by an error of law, arbitrary, and capricious (see CPLR 7803[3]).
Accordingly, the Supreme Court should have granted the petitioner's motion to the extent of declaring that the petitioner has a vested right to mine 94 acres of its property as a prior nonconforming use, and should have annulled the determinations of the ZOE and the ZBA to the extent that they found otherwise.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Dutchess County, for the entry of an amended judgment declaring, inter alia, that the petitioner has a vested right to mine 94 acres of its property as a prior nonconforming use (see Lanza v Wagner, 11 NY2d 317, 334).
SCHEINKMAN, P.J., BALKIN, CHAMBERS and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court