Matter of RT 13 Rocks LLC v Town of Cortlandville (2024 NY Slip Op 03913)

Matter of RT 13 Rocks LLC v Town of Cortlandville

2024 NY Slip Op 03913

Decided on July 25, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 25, 2024

CV-23-0369
[*1]In the Matter of RT 13 Rocks LLC, Appellant,
v
Town of Cortlandville et al., Respondents.

Calendar Date:May 31, 2024

Before:Egan Jr., J.P., Reynolds Fitzgerald, Ceresia, Fisher and Mackey, JJ.

Bond, Schoeneck & King, PLLC, Syracuse (Timothy N. McMahon of counsel), for appellant.
Hancock Estabrook, LLP, Syracuse (John G. Powers of counsel), for respondents.

Fisher, J.
Appeal from a judgment of the Supreme Court (Oliver N. Blaise III, J.), entered January 27, 2023 in Cortland County, which, among other things, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, granted respondents' motion to dismiss the petition/complaint.
Petitioner operates a sand and gravel mine on a property within the Town of Cortlandville, Cortland County. The mine has been operating continuously since 1987, pursuant to a permit issued by the Department of Environmental Conservation (hereinafter DEC). Since the mine is located above an aquifer and near public wells that serve as the primary water source to respondent Town of Cortlandville, the original permit required petitioner to maintain a minimum distance of eight feet of undisturbed material above the top of the water table.[FN1] In 2017, petitioner sought a permit modification to expand its mining area laterally and to a depth of 100 feet below the existing water table. Following a public comment period, petitioner agreed to perform a hydrogeological investigation to study the potential effects of the expanded mining on the aquifer. After the hydrogeological investigation, DEC ultimately issued a positive declaration pursuant to the State Environmental Quality Review Act (see ECL art 8), thereby requiring petitioner to prepare a draft environmental impact statement. In February 2022, while petitioner's request for a permit modification was pending, respondent Town Board of Cortlandville enacted Local Law No. 1 amending its existing zoning code, which, among other things, prohibited commercial mining directly over the aquifer or immediately surrounding each public well in the zoning district where the mine is located (see Code of Town of Cortlandville § 178-2.3 [C] [1]). Notably, the law permitted existing mines to continue to operate and expand laterally, but prohibited mines from expanding into or below the water table "unless such expansion or operation below the water table was previously permitted by [DEC] prior to the enactment of this provision" (Code of Town of Cortlandville § 178-2.3 [D] [11]).
Shortly after the enactment of Local Law No. 1 and before DEC rendered a determination on the request for a permit modification, petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action asserting six causes of action. As relevant here, the second cause of action sought a declaration that petitioner's current and proposed mining activities are legal as a prior nonconforming use, and the third cause of action sought a declaration that Local Law No. 1 was preempted by the Mined Land Reclamation Law (see ECL 23-2701 et seq. [hereinafter the MLRL]). Respondents joined issue and simultaneously moved to dismiss the petition/complaint, alleging, among other things, that petitioner's second and third causes of action were unripe and nonjusticiable because DEC had not yet made a determination as to its permit modification request [*2]to expand its mining activities. Respondents also contended that each cause of action asserted in the petition/complaint failed to state a cause of action pursuant to CPLR 3211 (a) (7). Petitioner opposed the motion and withdrew the fifth cause of action.[FN2] Supreme Court granted respondents' motion, dismissing the second and third causes of action as unripe, and additionally concluded that all the causes of action should be dismissed pursuant to CPLR 3211 (a) (7). Petitioner appeals, challenging only the dismissal of the second and third causes of action.
To the extent that petitioner maintains that the matter was ripe for judicial review, this issue was raised in a single-sentence footnote and not otherwise addressed in its appellate brief — indeed, the brief advances an argument that presupposes the matter is not ripe — and therefore we do not consider ripeness (see People v McDaniel, 295 AD2d 371, 371 [2d Dept 2002], lv denied 98 NY2d 770 [2002]; see also Putnam Rolling Ladder Co. v Manufacturers Hanover Trust Co., 74 NY2d 340, 349 n 2 [1989]).[FN3]
As for the balance of petitioner's contentions, it frames the issue as being one of subject matter jurisdiction. Specifically, petitioner contends that Supreme Court, after finding the second and third causes of action to not be ripe for judicial review, was required to "drop its pen" instead of continuing to address these causes of action on "the merits." Although ripeness is a doctrine pertaining to subject matter jurisdiction, which concerns a court's power to adjudge the general question involved in a matter(see Henry v New Jersey Tr. Corp., 39 NY3d 361, 371 [2023]; Matter of 54 Marion Ave., LLC v City of Saratoga Springs, 162 AD3d 1341, 1344 [3d Dept 2018]), "[d]icta is language that is not necessary to resolve an issue . . . and has no functional role in compelling a judgment" (Rockwell v Despart, 205 AD3d 1165, 1166 [3d Dept 2022] [internal quotation marks, brackets and citations omitted]). Since the subsequent language contained in Supreme Court's decision relating to the second and third causes of action was not necessary to resolve the matter, and because "disagreement with dicta does not provide a basis to take an appeal" (Matter of Doe v Rensselaer Polytechnic Inst., 172 AD3d 1691, 1692-1693 [3d Dept 2019] [internal quotation marks and citation omitted]), we find no basis on which to disturb Supreme Court's dismissal of the second and third causes of action. We have examined the parties' remaining contentions and have found them to be lacking merit or rendered academic.
Egan Jr., J.P., Reynolds Fitzgerald, Ceresia and Mackey, JJ., concur.
ORDERED that the judgment is affirmed, with costs.

Footnotes

Footnote 1: The parties appear to disagree over the scope of the permit. However, to the extent that petitioner rejects respondents' position that the permit "expressly prohibits" mining below the water table, we observe that petitioner alleged in the verified petition/complaint that the permit required an eight-foot separation between the mine floor and the water table, and therefore allowed petitioner "to mine only above the water table."

Footnote 2: Petitioner also cross-moved for declaratory relief, summary judgment, to add a necessary party and for leave to amend its petition/complaint, which was denied by Supreme Court.

Footnote 3: We acknowledge petitioner's citation to Matter of Red Wing Props., Inc. v Town of Rhinebeck (184 AD3d 577 [2d Dept 2020], lv denied 35 NY3d 928 [2020]). However, petitioner's reliance on this case is misplaced because — unlike here — the petitioner in Red Wing Props. had an application denied by the local zoning board of appeals, whereas the record here does not indicate that petitioner has yet had an application denied by any entity.