Matter of Town of Southampton v New York State Dept. of Envtl. Conservation (2024 NY Slip Op 05215)

Matter of Town of Southampton v New York State Dept. of Envtl. Conservation

2024 NY Slip Op 05215

Decided on October 23, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 23, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LOURDES M. VENTURA, JJ.

2021-00781
 (Index No. 3931/19)

[*1]In the Matter of Town of Southampton, appellant,
v
New York State Department of Environmental Conservation, et al., respondents.

Volz & Vigliotta, PLLC, Nesconset, NY (David H. Arntsen and Joshua S. Shteierman of counsel), for appellant.
Letitia James, Attorney General, New York, NY (Jeffrey W. Lang and Stephen J. Yanni of counsel), for respondent New York State Department of Environmental Conservation.
Fogel & Brown, P.C., Syracuse, NY (Gregory M. Brown of counsel), for respondent Huntington Ready Mixed Concrete, Inc.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Environmental Conservation dated March 29, 2019, which issued a modification/renewal permit to the respondent Huntington Ready Mixed Concrete, Inc., to expand a prior nonconforming use for sand and gravel mining, the petitioner appeals from an order and judgment (one paper) of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated December 7, 2020. The order and judgment, insofar as appealed from, denied the petition and dismissed the proceeding.
ORDERED that the order and judgment is reversed insofar as appealed from, on the law, with one bill of costs, the petition is granted, the determination is annulled, and the matter is remitted to the respondent New York State Department of Environmental Conservation for further proceedings consistent herewith.
The Town of Southampton commenced this proceeding pursuant to CPLR article 78 to review a determination of the New York State Department of Environmental Conservation (hereinafter DEC) dated March 29, 2019, which issued a modification/renewal permit to Huntington Ready Mixed Concrete, Inc. (hereinafter HRM), to expand a prior nonconforming use for sand and gravel mining. In an order and judgment dated December 7, 2020, the Supreme Court, inter alia, denied the petition and dismissed the proceeding. The Town appeals.
"In a CPLR article 78 proceeding to review a determination of an administrative agency, the standard of judicial review is whether the determination was made in violation of lawful procedure, was affected by an error of law, or was arbitrary and capricious or an abuse of discretion" (Matter of Sierra Club v Martens, 158 AD3d 169, 174 [internal quotation marks omitted]; see CPLR 7803[3]).
While this appeal was pending, the Court of Appeals, in Matter of Town of Southampton v New York State Dept. of Envtl. Conservation (39 NY3d 201, 205), held that "DEC may process renewal and modification applications when such applications seek to mine land that falls within the scope of an undisputed prior nonconforming use." In that case, an administrative law judge found that the expansion of a mine as a prior nonconforming use was a "new application"—not a renewal application—triggering an inquiry as to whether the Town's zoning laws prohibited mining on the site (id. at 206). DEC ultimately issued a permit. However, the Court of Appeals set aside that determination pursuant to ECL 23-2703(3), which provides, "No agency of this state shall consider an application for a permit to mine as complete or process such application for a permit to mine pursuant to this title, within counties with a population of one million or more which draw their primary source of drinking water for a majority of county residents from a designated sole source aquifer, if local zoning laws or ordinances prohibit mining uses within the area proposed to be mined." The Court of Appeals determined that ECL 23-2703(3) "does not eliminate or alter [a] nonconforming use. Rather, the statute acts only as a protection against further expansion of those mining activities—beyond the permissible nonconforming use" (Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 39 NY3d at 213). The Court of Appeals concluded that ECL 23-2703(3) "will bar DEC from processing any application that seeks to mine beyond the scope of prior nonconforming use" (Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 39 NY3d at 214).
Here, DEC argues that it reasonably relied on the Town Attorney's initial representation that mining was allowed as a prior nonconforming use in the area proposed to be mined. HRM contends that ECL 23-2703(3) did not preclude DEC from issuing the modification/renewal permit because the Town confirmed that mining was a lawful prior nonconforming use. However, HRM's permit originally authorized mining activities on only 13.5 acres of land. The modification/renewal permit in issue authorizes the mining of an additional 19.4 acres of land and increases the vertical depth to 40 feet. In the proceedings before DEC, the Town was concerned that the decision of the Court of Appeals in Matter of Syracuse Aggregate Corp. v Weise (51 NY2d 278) would authorize expansion of the nonconforming use to the boundaries of the property. In his official response to DEC's request for comment on HRM's application, the Town Supervisor stated that mineral mining is not a permitted use in any zoning category in the Town and urged DEC not to interpret the Syracuse Aggregate decision as a blanket local approval of unlimited expansion. DEC replied that this letter was unclear, and by letter dated May 7, 2018, the Town Supervisor reiterated that mineral mining was not permitted in any zoning category in the Town. On March 29, 2019, DEC issued the renewal/modification permit for expanded mining by 19.4 acres, from 13.5 acres to 32.9 acres, and to a depth of 40 feet. The permit allowed expansion of the nonconforming use, which was not permissible pursuant to ECL 23-2703(3) with respect to property in Suffolk County (see Matter of Town of Southampton v New York State Dept. of Envtl. Conservation, 39 NY3d at 213). The question here is not "whether the owner has 'engage[d] in substantial quarrying activities on a distinct parcel of land over a long period of time' and thereby 'clearly manifest[ed] an intent to appropriate the entire parcel to the particular business of quarrying,'" which, pursuant to the general rule, would authorize expansion of that nonconforming use to the boundaries of the property (id. at 212-213, quoting Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d at 286), since that general rule is no longer applicable to Suffolk County pursuant to ECL 23-2703(3).
DEC's and HRM's remaining contentions are either without merit or not properly before this Court.
Accordingly, we grant the petition, annul DEC's determination dated March 29, 2019, and remit the matter to DEC for further proceedings consistent herewith.
BARROS, J.P., MILLER, FORD and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court