Matter of Van Dam Specialty & Promotion, Inc. v Board of Stds. & Appeals of the City of New York (2025 NY Slip Op 05524)

Matter of Van Dam Specialty & Promotion, Inc. v Board of Stds. & Appeals of the City of New York

2025 NY Slip Op 05524

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LARA J. GENOVESI
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2021-06848
 (Index No. 703913/21)

[*1]In the Matter of Van Dam Specialty & Promotion, Inc., respondent-appellant, 
v
Board of Standards and Appeals of the City of New York, appellant-respondent.

Muriel Goode-Trufant, Corporation Counsel, New York, NY (Devin Slack and Benjamin H. Pollak of counsel), for appellant-respondent.
Sweeney, Reich & Bolz, LLP (Falcon, Rappaport & Berkman, PLLC, Rockville Centre, NY [Ariel S. Holzer], of counsel), for respondent-appellant.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Standards and Appeals of the City of New York dated January 22, 2021, which affirmed two determinations of the New York City Department of Buildings, both dated October 1, 2018, denying applications to register an east-facing sign and a west-facing sign, respectively, as legal nonconforming uses and terminated the uses of those signs without permission to reinstate them, the Board of Standards and Appeals of the City of New York appeals, and the petitioner cross-appeals, from a judgment of the Supreme Court, Queens County (Tracy Catapano-Fox, J.), entered September 13, 2021. The judgment, insofar as appealed from, granted that branch of the petition which was to annul so much of the determination dated January 22, 2021, as terminated the uses of the east-facing and west-facing signs without permission to reinstate them and permitted the petitioner to bring those signs in conformity with their November 1, 1979 condition. The judgment, insofar as cross-appealed from, denied that branch of the petition which was to annul so much of the determination dated January 22, 2021, as affirmed the determinations dated October 1, 2018.
ORDERED that the judgment is modified, on the law, (1) by deleting the provision thereof granting that branch of the petition which was to annul so much of the determination dated January 22, 2021, as terminated the use of the east-facing sign without permission to reinstate it and permitted the petitioner to bring that sign and the west-facing sign in conformity with their November 1, 1979 condition, and substituting therefor a provision denying that branch of the petition, and (2) by deleting the provision thereof denying that branch of the petition which was to annul so much of the determination dated January 22, 2021, as affirmed the determination dated October 1, 2018, denying the application to register the west-facing sign as a legal nonconforming use, and substituting therefor a provision granting that branch of the petition; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
In 1994, the petitioner purchased the subject property located in Long Island City. At that time, there were two advertising billboard signs on the roof of the premises: a west-facing sign and an east-facing sign. The permit for the signs was issued on September 9, 1940 (hereinafter the 1940 permit). The 1940 permit was for a "sign" 31 feet high and 80 feet long—i.e., for one sign larger than the signs in issue. An electrical inspection report from November 1966 indicated that at [*2]that time, there were "bill boards" on the roof, rather than a single sign. The signs were refurbished in 1998 pursuant to a permit (hereinafter the 1998 permit) from the New York City Department of Buildings (hereinafter the DOB). In 2011, the DOB revoked the 1998 permit, on the ground that it had been issued in error, because the "[p]roposed work is not refurbishing . . . existing conditions" and violated New York City Zoning Resolution § 52-83(a) and former § 42-55(a)(2), now § 42-65(a)(2). In 2013, the DOB requested photographs of the signs in issue, and in two determinations dated October 1, 2018, the DOB denied applications to register the signs in issue as legal nonconforming uses.
The lessee of the signs appealed those determinations to the Board of Standards and Appeals of the City of New York (hereinafter the Board), arguing that since the signs did not exceed 1,200 square feet in area, they were legal nonconforming uses. The DOB, in response, compared a historical aerial photograph of the east-facing sign from 1980 with Google-map photographs from 2018, indicating that the size of that sign was increased. The DOB also compared a color photograph of the east-facing sign taken by the New York State Department of Transportation in 1978 with a Google-map photograph from 2018, indicating that the size of that sign was increased.
A photograph of the west-facing sign taken in 1978 by the New York State Department of Transportation compared with a Google-map photograph from 2018 indicated that while that sign in 1978 spanned the width of six of the structure's vertical elements, in 2018, the width of that sign was equal to all seven of the structure's vertical elements. Those vertical elements constituted the structure upon which various signs were displayed by those who rented the space, and it appears that the structure was not enlarged.
The Board determined that the signs were not legal nonconforming uses, affirmed the DOB's determinations denying the applications, and terminated the uses of the signs without permission to reinstate them. At that juncture, the petitioner commenced the instant proceeding pursuant to CPLR article 78 to review the Board's determination. The Supreme Court denied that branch the petition which was to annul so much of the Board's determination as affirmed the DOB's determinations denying the applications, concluding that the Board's finding that the signs were increased in size after November 1, 1979, was not arbitrary and capricious. However, the court granted that branch of the petition which was to annul so much of the Board's determination as terminated the uses of the signs without permission to reinstate them, concluding that since the signs were granted nonconforming-use status in 1979, the termination of the uses lacked a rational basis and, therefore, the petitioner should be afforded the opportunity to return the signs to their original legal nonconforming-use status. The Board appeals, and the petitioner cross-appeals.
The determination of the Board may not be set aside in the absence of "illegality, arbitrariness, or abuse of discretion," and a determination is not arbitrary and capricious if it has a rational basis (Matter of Halperin v City of New Rochelle, 24 AD3d 768, 771 [internal quotation marks omitted]; see Matter of Peyton v New York City Bd. of Stds. & Appeals, 36 NY3d 271, 286). The burden of establishing a preexisting nonconforming use is on the party asserting that right (see Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d 278, 284-285; Matter of Carrano v Modelewski, 73 AD3d 767; Matter of Mohan v Zoning Bd. of Appeals of Town of Huntington, 1 AD3d 364, 364; OTR Media Group Inc. v Board of Standards and Appeals of the City of New York, 2020 NY Slip Op 33348[U] [Sup Ct, NY County]). In this case, that burden was not met with respect to the east-facing sign but was met with respect to the west-facing sign. It appears that the structure of the west-facing sign was not enlarged, and determining that it was enlarged because a photograph showed a sign mounted on the structure, which was smaller than the capacity of the structure, was arbitrary and capricious.
1 RCNY 49-16 provides that the DOB shall maintain a list of nonconforming signs, and if a sign is no longer considered a nonconforming sign, it "must be removed" (id. § 49-16[c]). This is consistent with New York City Zoning Resolution § 42-55(c)(2), providing that advertising signs not in conformity with standards for nonconforming uses "shall terminate." The Board's compliance with these provisions when it directed termination of the use of the east-facing sign in this case cannot be deemed arbitrary and capricious. However, the Board's determination with respect to the west-facing sign was arbitrary and capricious, since the structure of the west-facing [*3]sign constituted a legal nonconforming use.
The petitioner's remaining contentions are without merit.
BARROS, J.P., GENOVESI, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court