■ In the Matter of ANDREW F. SAMPINO, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF ISLIP, Respondent. [633 NYS2d 53] —In a proceeding pursuant to CPLR article 78 to

review a determination of the respondent Zoning Board of Appeals of the Town of Islip, dated January 11, 1994, which denied the petitioner's application to establish a valid nonconforming use of a certain parcel of property in the Town of Islip, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Cannavo, J.), entered July 12, 1994, which denied the petition.

Ordered that the judgment is affirmed, with costs.

The petitioner is the owner of a parcel of real property located in a single-family residence district in the Town of Islip. At some time in the past, the property was improved by a single-family home and a detached garage. A prior owner apparently converted the detached garage to living space and connected it to the existing house with a breezeway. At the time petitioner purchased the property, it appears that the existing house was occupied by three families, and the converted garage was occupied by a fourth. The petitioner removed two of the families from the house. He now alleges, however, that the house and the converted garage are each separate legal residences. He thus seeks a determination that he may legally house two different families in the two structures on a single plot measuring 50 feet by 150 feet. The Zoning Board of Appeals denied the application. We agree.

Contrary to the petitioner's contentions, the determination of the Zoning Board of Appeals was clearly not irrational, arbitrary and capricious, or predicated upon less than substantial evidence (see, Matter of Cowan v Kern, 41 NY2d 591; Conley v Town of Brookhaven Zoning Bd. of Appeals, 40 NY2d 309). Indeed, while the record demonstrates that the property had been put to illegal multi-family uses by prior owners and by the petitioner as well, the record is devoid of any evidence that such multi-family use predated the enactment of the Islip zoning ordinance, or that such use was ever approved. Accordingly, even if the oversized floor area ratio of the structures would constitute a valid pre-existing nonconforming use for one single-family residence, the petitioner has not demonstrated that he is entitled to continue using the structures for multi-family purposes as a legal pre-existing nonconforming use.

We have examined the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, Copertino and Goldstein, JJ., concur.