■ In the Matter of THOMAS KELLER, Appellant, v FRANK P. HALLER et al., Respondents. [641 NYS2d 380] —In a proceeding

pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Village of Williston Park dated August 8, 1994, which, after a hearing, affirmed the decision of the Building Inspector of the Village of Williston Park denying the petitioner's application, *inter alia,* for a certificate of occupancy or certificate of pre-existing use certifying the house located at 101 Dartmouth Street, Williston Park, as a two-family residence, the petitioner appeals from a judgment of the Supreme Court, Nassau County (Kohn, J.), dated January 10, 1995, which denied the petition and dismissed the proceeding.

Ordered that the judgment is reversed, on the law, without costs or disbursements, the petition is granted, the determination is annulled, and the matter is remitted to the Board of Zoning Appeals of the Village of Williston Park to reverse the determination of the Building Inspector of the Village of Williston Park and remit the matter to him with instructions to issue the certificate in question.

Judicial review of a determination made by a zoning board of appeals is limited to whether the determination has a rational basis and is supported by substantial evidence (*see, Matter of Fuhst v Foley,* 45 NY2d 441; *Matter of Smith v Board of Appeals,* 202 AD2d 674; *Matter of Saladino v Fernan,* 204 AD2d 554; *Matter of Clarkson Realty Holding Corp. v Scheyer,* 172 AD2d 521). Here, the determination of the Board of Zoning Appeals of the Village of Williston Park that the petitioner failed to establish a legal nonconforming use is not supported by substantial evidence in the record.

"It is the law of this state that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance" (*People v Miller,* 304 NY 105, 107). Although zoning aims at the elimination of nonconforming uses, zoning cannot prohibit an existing use to which the property is devoted at the time of enactment (*see, Matter of Syracuse Aggregate Corp. v Weise,* 51 NY2d 278). However, the owner must establish that the allegedly pre-existing use was legal prior to the enactment of the prohibitive zoning ordinance which purportedly rendered it nonconforming (*see, Incorporated Vil. of Old Westbury v Alljay Farms,* 100 AD2d 574, *affd* 64 NY2d 798). In the present case, the petitioner established that the house located at 101 Dartmouth Street, Williston Park, was used as a two-family residence prior to the enactment of the village zoning ordinance in 1954. Accordingly, the petitioner established the existence of a legal nonconforming use.

There is no merit to the respondents' contention that a 1969 amendment to the zoning ordinance was intended as an amortization provision which, by its operation, terminated the petitioner's right to continue using the subject house as a two-family dwelling. Balletta, J. P., O'Brien, Altman and Friedmann, JJ., concur.