■ In the Matter of JASON HENTHORNE et al., Respondents, v KEVIN MOLLOY, as Chairman of the Zoning Board of Appeals of the Village of Patchogue, et al., Appellants. [704 NYS2d 636] —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Village of Patchogue, dated April 1, 1998, which, after a hearing, denied the petitioners' application for an area variance, the appeal is from a judgment of the Supreme Court, Suffolk County (Costello, J.), dated November 23, 1998, which granted the petition and annulled the determination.

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner Jason Henthorne and his wife Birgit applied for permission to build a single-family dwelling. Their building plan required both subdivision of a lot and an area variance. The lot that the petitioners proposed to subdivide was comprised of two formerly separate lots, which had been designated 41 Cleveland Street and 39 Cleveland Street, respectively (hereinafter the 41 lot and the 39 lot). Mr. Henthorne's grandmother had purchased the 41 lot in 1947, at which time it was improved with an old cottage, but the cottage was later removed, leaving the lot vacant. Mr. Henthorne's grandmother subsequently acquired the 39 lot, and a third

contiguous lot, at 37 Cleveland Street. In February 1953, the 39 lot, which was improved by a residence, and the 41 lot, which was by that time unimproved, merged. Each of the three contiguous Henthorne lots had 50 feet of frontage, with varying depths. Zoning maps of the area show that the entire residential neighborhood is comprised of lots with 50 foot frontage and varying depths. Nearly every lot in the neighborhood is improved with a single-family residence.

In August 1953, the Zoning Code of the Village of Patchogue was amended and the area in which the Henthorne lots were located was "upzoned". The merged 39 and 41 lot was now subject to provisions which required both greater frontage and a larger area for construction of a dwelling than had been required at the time that the rest of the neighborhood lots were improved with single-family dwellings. The petitioners sought to re-establish the lots that had existed as discrete parcels prior to the merger of the 39 and 41 lots. The Zoning Board of Appeals rejected the application.

We agree with the Supreme Court that the determination of the Zoning Board of Appeals of the Village of Patchogue was without a rational basis and was not supported by substantial evidence in the record (*see, Matter of Lahey v Kelly,* 71 NY2d 135, 140; *Matter of Shaughessy v Roth,* 204 AD2d 333). In considering the petitioners' application, the Board should have balanced the factors set forth in Village Law § 7-712-b (3) (b) (*see, Matter of Khan v Zoning Bd. of Appeals,* 87 NY2d 344, 351). It appears that these factors were not given adequate consideration. Instead, the Board rejected the application based upon the petitioners' ineligibility for the relief available under a so-called "grandfather clause" in the Zoning Code, which allows for development of certain "upzoned" parcels even if they are substandard according to current zoning regulations (*see,* Village of Patchogue Zoning Code § 93-66).

The Supreme Court, after applying the balancing test required by Village Law § 7-712-b (3) (b), properly concluded that the Board's denial of the application had been irrational and not supported by substantial evidence. Construction of the proposed dwelling would not change the character or density of the neighborhood (*see, Matter of O'Hara v Zoning Bd. of Appeals,* 226 AD2d 537). Accordingly, notwithstanding the valid objectives of the zoning regulation, its strict application here would serve no purpose outweighing the injury to the petitioners (*see, Matter of Niceforo v Zoning Bd. of Appeals,* 147 AD2d 483). Bracken, J. P., McGinity, Luciano and Feuerstein, JJ., concur.