[804 NE2d 413, 772 NYS2d 249]

In the Matter of 550 HALSTEAD CORP., Appellant, v ZONING BOARD OF APPEALS OF THE TOWN/VILLAGE OF HARRISON et al., Respondents.

Decided December 23, 2003

**APPEARANCES OF COUNSEL**

*McCollough, Goldberger & Staudt, LLP*, White Plains (*Ruth F-L. Post* and *Anne De Sutter* of counsel), for appellant.

*Joseph L. Latwin, Deputy Village Attorney*, Harrison, for respondents.

**OPINION OF THE COURT**

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

Because nonconforming uses are viewed as detrimental to zoning schemes, public policy favors their reasonable restriction and eventual elimination (*see Matter of Toys "R" Us v Silva*, 89 NY2d 411, 417 [1996]). Accordingly, municipalities may adopt measures regulating nonconforming uses and may, in a reasonable fashion, eliminate them (*see Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278, 287 [1980]). Here, one of the purposes of the Town of Harrison's Comprehensive Zoning Plan is to promote the "gradual elimination of nonconforming uses" (Town of Harrison Code § 235-2 [F]). To carry out this purpose, the Code prohibits the expansion, enlargement, extension, reconstruction, or structural alteration of any nonconforming use "by any means or in any respect whatsoever" (Town of Harrison Code § 235-52).

The Zoning Board of Appeals of the Town/Village of Harrison (ZBA) determined that when petitioner replaced its wooden pallet storage system with steel-frame storage racks, it impermissibly expanded or extended its nonconforming lumberyard.

Substantial record evidence supports this determination: the new racks were significantly higher than the wooden pallets and could store three times the lumber; petitioner installed four additional racks; unlike the wooden pallets, the racks have roofs. Further, the ZBA's denial of petitioner's application for use and area variances was rational; the ZBA properly balanced benefits to the applicant with the detriment to the health, safety and welfare of the surrounding neighborhood (*Matter of Sasso v Osgood*, 86 NY2d 374, 384 n 2 [1995]).

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, with costs, in a memorandum.