■ In the Matter of WOLF HILL PROPERTIES, INC., Respondent, v CHRISTOPHER MODELEWSKI et al., Appellants. [796 NYS2d 141]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Huntington dated June 5, 2003, denying the petitioner certain area variances, the appeal is from a judgment of the Supreme Court, Suffolk County (Loughlin, J.), dated June 22, 2004, which annulled the determination and directed that the variances be granted.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits.

Wolf Hill Properties, Inc. (hereinafter Wolf Hill), commenced this proceeding to review a determination of the Zoning Board of Appeals of the Town of Huntington (hereinafter the Board) denying its application for certain area variances. The Supreme Court granted the petition. We reverse.

The record reveals that the Board weighed the relevant statutory factors and that its determination, including its finding as to the boundaries of the neighborhood of the subject property, was not arbitrary or capricious, and was supported by substantial evidence (*see* Town Law § 267-b [3] [b]; *Matter of Allt v Zoning Bd. of Appeals of Town of Hyde Park*, 255 AD2d 311 [1998]; *Becvar v Scheyer*, 250 AD2d 842, 843 [1998]; *cf. Henthorne v Molloy*, 270 AD2d 420 [2000]; *Matter of Necker Pottick, Fox Run Woods Bldrs. Corp. v Duncan*, 251 AD2d 333 [1998]). The decision of the Court of Appeals in *Matter of Tall Trees Constr. Corp. v Zoning Bd. of Appeals of Town of Huntington* (97 NY2d 86 [2001]) is distinguishable and does not compel a different result. Ritter, J.P., Goldstein, Luciano and Crane, JJ., concur.