■ In the Matter of FREDERICK E. PIESCO, JR., et al., Appellants, v MARGARET HOLLIHAN et al., Respondents. (Proceeding No. 1.) In the Matter of FREDERICK E. PIESCO, JR., et al., Appellants, v MARGARET HOLLIHAN et al., Respondents. (Proceeding No. 2.) [849 NYS2d 671]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Piermont dated March 7, 2005, which, after a hearing, upheld the issuance of a revised zoning certificate of occupancy by the Town Building Inspector (proceeding No. 1), and a related proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Incorporated Village of Piermont dated September 22, 2005, which, after a hearing, upheld the issuance of a building permit and a certificate of occupancy by the Town Building Inspector (proceeding No. 2), the petitioners in both proceedings appeal from two judgments of the Supreme Court, Rockland County (Nelson, J.), dated October 14, 2005 (proceeding No. 1), and

March 24, 2006 (proceeding No. 2), respectively, which denied the respective petitions and dismissed the respective proceedings.

Ordered that the judgments are affirmed, with one bill of costs to the respondents.

The respondents Suren Kilerciyan and Kilerciyan Properties operate a marina and a restaurant on the Hudson River, in the Village of Piermont. The property has been used for the operation of a restaurant and a marina since 1963, if not for years prior thereto. The restaurant offered seasonal outdoor food and beverage service since as early as 1972.

In or about 1996-1997, Kilerciyan began erecting an unenclosed tent or canopy (hereinafter the tent/canopy) over the area used for outside dining. The Zoning Board of Appeals of the Village of Piermont (hereinafter the Board) determined the tent/canopy did not require a permit, as it was neither a "structure" nor a "building" within the meaning of the village zoning law, as it was not permanently placed on the land it occupies, and the zoning law did not provide for the regulation of temporary or seasonal buildings.

A question was subsequently raised, by the petitioners, who live across the street from the marina and the restaurant, as to the tent/canopy's compliance with the Fire Code of New York State. The New York State Department of State determined that, notwithstanding the local determination that no building permit was required for the tent/canopy, under section F2401.2 of the Fire Code of New York State the tent/canopy could not be erected or maintained without approval from the local code enforcement official. The position of the New York State Department of State Division of Code Enforcement and Administration was that the Village of Piermont "should issue or deny" [sic] any necessary building permits or certificates of occupancy.

The Town Building Inspector issued a revised zoning certificate of occupancy on May 6, 2004, identifying the respondent Cornetta's Restaurant, Inc., as a restaurant with a seasonal tent/canopy, and declaring that the property "predates zoning." The Town Building Inspector issued a building permit on May 3, 2005, and a certificate of occupancy for the tent/canopy on May 13, 2005.

The property is presently zoned WF-2, a waterfront district where there are no uses permitted as of right, but marinas and restaurants are permitted by special permit. Contrary to the petitioners' contention that a special permit is required, the record before the Board established that the use of the property for a marina and a restaurant significantly pre-dated the enact-

ment of the provision of the Village of Piermont zoning ordinance which requires a special permit. The restaurant use, the use in question on this appeal, and the other use of the property, are thus preexisting nonconforming uses (*see Matter of Syracuse Aggregate Corp. v Weise*, 51 NY2d 278 [1980]).

The erection of a tent/canopy over the outdoor dining area is neither a separate "use" nor an expansion of the nonconforming use of the property for a restaurant. The zoning ordinance of the Village of Piermont does not distinguish between indoor or outdoor food and beverage service and consumption as regards a restaurant use. An increase in volume or intensity of the same nonconforming use as has occurred on the property for decades is not an expansion of that nonconforming use, and any interruption of the outdoor service occasioned by the lack of compliance with the requirements of the New York State Liquor Authority was not an abandonment of the restaurant use of the property (*see Town of Clarkstown v M.R.O. Pump & Tank, Inc.*, 32 AD3d 925 [2006]).

As the Board's determinations in both instances were rational and not arbitrary and capricious, those determinations were properly upheld (*see Matter of Pecoraro v Board of Appeals of Town of Hempstead*, 2 NY3d 608, 613 [2004]; *Matter of Ifrah v Utschig*, 98 NY2d 304, 308 [2002]). Crane, J.P., Florio, Angiolillo and Carni, JJ., concur.