In the Matter of CINELLI FAMILY LIMITED PARTNERSHIP, Respondent, v RICHARD I. SCHEYER et al., Appellants. [857 NYS2d 634]—

In a proceeding pursuant to CPLR article 78 to review so much of a determination of the Zoning Board of Appeals of the Town of Islip, dated January 3, 2006, as, after a hearing, denied the petitioner's application for certain setback and area variances, the appeal, as limited by the brief, is from so much of a judgment of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated October 17, 2006, as granted those branches of the petition which were to annul those portions of the determination which denied setback and area variances for a retaining wall and a cabana, and remitted the matter to the Zoning Board of Appeals of the Town of Islip with the direction to grant those portions of the petitioner's application.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The petitioner is the owner of residential property in the Town of Islip, in a residence "A" district. It completed an extension to the house on the property and a certificate of occupancy was issued in 2002. The petitioner further improved its backyard with, inter alia, patios, a deck, ponds, retaining walls, and a cabana. A survey dated December 5, 2002 shows the subject improvements were complete by that date. The cabana was 14.97 feet high and the retaining wall at issue here was set back less than 1 foot from the property line.

After the improvements were completed, the Town amended its zoning ordinances. As relevant here, the amendments imposed a permit requirement and a minimum four-foot setback requirement for walls taller than 18 inches high (see Islip Town Code § 68-406 [F]). Another amendment restricted the height for accessory structures to 14 feet (see Islip Town Code § 68-49 [B]). The subject retaining wall and the cabana did not comply with those amendments.

After the amendments became effective, the petitioner applied to the Zoning Board of Appeals of the Town of Islip (hereinafter the ZBA) for "permission to maintain" the improvements. Following a public hearing, the ZBA granted the application in part and denied it in part. The ZBA denied the petitioner variances pertaining to the proximity of the retaining wall to the property line, the height of the cabana, and the floor area ratio (hereinafter FAR) increase due to the cabana. The petitioner commenced this proceeding, seeking to annul the adverse portions of the determination. The Supreme Court granted the petition, and remitted the matter to the ZBA with a direction to grant the petitioner's application in its entirety.

Local zoning boards have "broad discretion" in considering applications for variances, and "the judicial function in reviewing such decisions is a limited one. Courts may set aside a zoning board determination only where the record reveals that the board acted illegally or arbitrarily, or abused its discretion, or that it merely succumbed to generalized community pressure" (Matter of Pecoraro v Board of Appeals of Town of Hempstead, 2 NY3d 608, 613 [2004]; see Matter of Ifrah v Utschig, 98 NY2d 304, 308 [2002]). Even with that deferential standard of review in mind, the Supreme Court correctly granted the portions of the petition at issue on this appeal.

"It is the law of this state that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance" (People v Miller, 304 NY 105, 107 [1952]; see Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals of Inc. Vil. of New Hempstead, 77 NY2d 114, 122 [1990]; Costa v Callahan, 41 AD3d 1111, 1113 [2007]; Matter of Keller v Haller, 226 AD2d 639, 640 [1996]). "[T]he owner must establish that the allegedly pre-existing use was legal prior to the enactment of the prohibitive zoning ordinance" (Matter of Keller v Haller, 226 AD2d 639, 640 [1996]). Since the retaining wall was not subject to the permit or setback requirements at the time of its completion, it was legal and must be permitted to remain (see

*People v Miller,* 304 NY 105 [1952]; *Costa v Callahan,* 41 AD3d 1111 [2007]; *Matter of Keller v Haller,* 226 AD2d 639 [1996]).

The cabana also was completed prior to enactment of the ordinance restricting the height of accessory structures to 14 feet (*see* Islip Town Code § 68-49 [B]). While the petitioner failed to obtain a building permit for the cabana prior to its construction, "[a] use which is otherwise lawfully maintained may be continued as a nonconforming use although the user failed to procure or renew a license, certificate, or other permit required by law" (*Costa v Callahan,* 41 AD3d 1111, 1114 [2007] [citation and internal quotation marks omitted]; *see Matter of Kennedy v Zoning Bd. of Appeals of Town of N. Salem,* 205 AD2d 629, 631 [1994]). In addition, the ZBA's determination to deny the variances sought in relation to the cabana was without a rational basis (*see Matter of Henthorne v Molloy,* 270 AD2d 420 [2000]). The evidence presented at the hearing established that the impact of the cabana on the FAR of the property was de minimis, in light of the FAR attributable to the house. By itself, the house's floor area was in excess of the maximum permitted under the current zoning ordinance, and a certificate of occupancy was issued for the house following its expansion and renovation in 2002. Further, there was no evidence that the height of the cabana or the slight increase in FAR attributable to it would cause a "detriment to the health, safety and welfare of the neighborhood or community" (Town Law § 267-b [3] [b]).

Since the challenged portions of the ZBA determination were contrary to law and without a rational basis, the Supreme Court properly annulled those portions of the determination and remitted the matter to the ZBA with the direction to grant those portions of the petitioner's application (*see Matter of Greenfield v Board of Appeals of Vil. of Massapequa Park,* 21 AD3d 556 [2005]; *Matter of Kreye v Bordino,* 302 AD2d 465 [2003]; *Matter of Bianco Homes II v Weiler,* 295 AD2d 506 [2002]). Miller, J.P., Dillon, McCarthy and Chambers, JJ., concur.