*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 21, 2016               106588
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

         v                               MEMORANDUM AND ORDER

DAVID E. STEDGE SR.,
                    Appellant.
_____


Calendar Date:  November 19, 2015

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____

        Margaret McCarthy, Ithaca, for appellant.

        Weeden A. Wetmore, District Attorney, Elmira (Susan Rider-Ulacco of counsel), for respondent.

_____


Clark, J.

        Appeal from a judgment of the County Court of Chemung County (Hayden, J.), rendered December 2, 2013, convicting defendant upon his plea of guilty of the crime of failure to register as a sex offender.

        In 2008, defendant pleaded guilty to the crime of forcible touching and was required to register under the Sex Offender Registration Act (see Correction Law art 6-C).  A February 2013 indictment charged defendant with the crime of failure to register as a sex offender (see Correction Law § 168-t), arising from allegations that he moved from his registered address in Chemung County without reporting his change of address to the Division of Criminal Justice Services.  Defendant moved to dismiss the indictment on the ground that the County Court of

Chemung County lacked geographical jurisdiction over him since he moved to another county; County Court denied the motion. Defendant then filed a CPL article 440 motion seeking to vacate the underlying forcible touching conviction arguing, among other things, that he was not provided with the effective assistance of counsel by his former attorney, a Chemung County Public Defender. Subsequently, defendant requested new representation, contending that the motion created an actual conflict of interest in the instant matter.[1] A few days later, defendant withdrew his request for new counsel. Defendant ultimately pleaded guilty to failure to register as a sex offender and was subsequently sentenced to nine months in jail. Defendant appeals, arguing primarily that County Court erred in denying his motion to dismiss.

We affirm. "A person may be convicted in . . . criminal court of a particular county . . . when . . . [e]ven though none of the conduct constituting such offense may have occurred within such county[,] . . . [s]uch conduct had, or was likely to have, a particular effect upon such county" (CPL 20.40 [2] [c]; see Matter of Steingut v Gold, 42 NY2d 311, 317 [1977]; see also People v Fea, 47 NY2d 70, 75-76 [1979]). "Particular effect of an offense" is defined as "[w]hen conduct constituting an offense produces consequences which, though not necessarily amounting to a result or element of such offense, have a materially harmful impact upon the governmental processes or community welfare of a particular jurisdiction" (CPL 20.10 [4]). CPL 20.40 also provides a criminal court with geographical jurisdiction when "[t]he offense committed was one of omission to perform a duty imposed by law, which duty either was required to be or could properly have been performed in such county. In such case, it is immaterial whether such person was within or outside such county at the time of the omission" (CPL 20.40 [3]).

Initially, defendant's guilty plea does not waive a geographical jurisdiction challenge (see People v Kellerman, 102

---

[1] Although once again represented by the Chemung County Public Defender's office, defendant was not represented by the same Public Defender in the instant matter.

AD2d 629, 631 [1984]).  Turning to the merits, we find that Chemung County had a statutory basis for the prosecution of defendant's failure to register as a sex offender pursuant to CPL 20.40 (2) (c).  As the county with the last known address for defendant, Chemung County had a continuing interest and duty to protect its residents by enforcing the terms and requirements of the Sex Offender Registration Act and, as argued by the People, defendant's failure to register his new address hindered Chemung County law enforcement's efforts to protect its community.  Thus, we find that defendant's failure to report his change of address had, or was likely to have, a materially harmful impact on the Chemung County community, as well as Chemung County's governmental processes (see CPL 20.10 [4]; 20.40 [2] [c]; see generally People v Patterson, 185 Misc 2d 519, 520-521 [Crim Ct, Bronx County 2000]; People v Olivera, 184 Misc 2d 327, 328-332 [Crim Ct, Bronx County 2000]) and, as such, County Court did not err in denying defendant's motion to dismiss the indictment.[2]

We also find that defendant's representation here was conflict free.  Contrary to defendant's contention, the filing of a CPL article 440 motion in a prior action seeking vacatur upon allegations of ineffective assistance[3] did not give rise to an actual conflict of interest in the instant action (see People v Solomon, 20 NY3d 91, 98 [2012]; People v Perez, 70 NY2d 773, 774 [1987]; People v Lynch, 104 AD3d 1062, 1062-1063 [2013]; People v Smith, 271 AD2d 752, 753 [2000]).  Further, under the particular circumstances here — namely, defendant's withdrawal of his request for new counsel — additional inquiry by County Court was not required to protect the right of defendant to effective assistance of counsel (compare People v McDonald, 68 NY2d 1, 8-9 [1986]).

---

[2]  Alternatively, contrary to defendant's contention, based on the plain language of the statute, geographical jurisdiction over defendant may have been obtained pursuant to CPL 20.40 (3).

[3]  In support of his CPL article 440 motion, defendant alleged that he pleaded guilty to forcible touching because his previous attorney "would not even prepare or discuss a defense."

    Defendant's remaining contentions have been considered and
have been found to be without merit.

    Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.



    ORDERED that the judgment is affirmed.




                    ENTER:

                    Robert D. Mayberger
                    Clerk of the Court