## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  January 21, 2016        106526
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                   Respondent,

      v                                MEMORANDUM AND ORDER

DAVID E. STEDGE,
                   Appellant.
_____

Calendar Date:  November 19, 2015

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____

Margaret McCarthy, Ithaca, for appellant.

Kirk O. Martin, District Attorney, Owego (Cheryl A. Mancini of counsel), for respondent.

_____

Clark, J.

Appeal from a judgment of the County Court of Tioga County (Keene, J.), rendered December 9, 2013, convicting defendant upon his plea of guilty of the crime of failure to register as a sex offender.

In 2008, defendant pleaded guilty to the crime of forcible touching and was required to register under the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]). In September 2013, the Tioga County Sheriff's office filed a felony complaint against defendant for failure to register as a sex offender, stemming from allegations that he did not register his change of address with the Division of Criminal Justice Services. Defendant subsequently signed a waiver of indictment, thus consenting to be prosecuted by superior court information.

Thereafter, defendant pleaded guilty to the crime of failure to register as a sex offender and was sentenced to 10 months in jail, to be served concurrently with a sentence from Chemung County arising from the same violation (People v Stedge, ___ AD3d ___ [appeal No. 106588, decided herewith]). Defendant now appeals and we affirm.

Under a section entitled "[d]uty to register and verify," SORA states that "[a]ny sex offender shall register with the [D]ivision no later than [10] calendar days after any change of address" (Correction Law § 168-f [4]). "Any sex offender required to register or to verify [who fails to do so] in the manner and within the time periods provided for . . . shall be guilty of a class E felony" (Correction Law § 168-t). SORA does not define the word "address" (see Correction Law § 168-a).

For the first time on appeal, defendant contends that SORA is unconstitutionally vague with respect to transient or homeless individuals and, as a result, he was denied due process under NY Constitution, article I, § 6 and the 14th Amendment of the US Constitution.[1] While defendant's constitutional claim does indeed survive his guilty plea (see People v Hansen, 95 NY2d 227, 231 n 2 [2000]; People v Lee, 58 NY2d 491, 494 [1983]), because he did not raise this issue before County Court, it has not been properly preserved for our review (see People v Snyder, 91 AD3d 1206, 1207 n 2 [2012], lv denied 19 NY3d 968 [2012], cert denied ___ US ___, 133 S Ct 791 [2012]; People v Riddick, 34 AD3d 923, 925 [2006], lv denied 9 NY3d 868 [2007]), and we decline to exercise our interest of justice jurisdiction (see CPL 470.15 [6] [a], [b]). In any event, were we to address the merits of defendant's contentions, we would nonetheless find them to be without merit.

Peters, P.J., Lahtinen, Garry and Rose, JJ., concur.

_____

[1] Defendant contends that he should be regarded as transient or homeless inasmuch as he resided in a pop-up camp trailer.

ORDERED that the judgment is affirmed.


ENTER:

Robert D. Mayberger
Clerk of the Court