■ In the Matter of DOROTHY MARTINOS, Appellant, v BOARD OF ZONING APPEALS OF TOWN OF BROOKHAVEN et al., Respondents. [29 NYS3d 497]—

In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Zoning Appeals of the Town of Brookhaven, dated July 13, 2011, which, after a hearing, granted the applications of Miller Beach Surf Club, Inc., for, inter alia, a certificate of existing use and an extension of nonconforming use, the petitioner appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Suffolk County (Farneti, J.), dated May 5, 2014, as denied those branches of the petition which were to annul so much of the determination as granted the applications of Miller Beach Surf Club, Inc., for a certificate of existing use and an extension of nonconforming use.

Ordered that the judgment is modified, on the law, by deleting the provision thereof denying that branch of the petition which was to annul so much of the determination of the Board of Zoning Appeals of the Town of Brookhaven as granted the application of Miller Beach Surf Club, Inc., for an extension of nonconforming use, and substituting therefor a provision granting that branch of the petition and annulling the determination; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements.

In 2007, Miller Beach Surf Club, Inc. (hereinafter the Surf Club), submitted applications to the Board of Zoning Appeals of the Town of Brookhaven (hereinafter the BZA) for, inter alia, certificates of existing use for a clubhouse, an office building, and a one-family dwelling located on its property, and for an extension of nonconforming use for certain alterations made to the clubhouse, as well as two decks, an awning, a gazebo, and a detached storage shed. After a public hearing, the BZA granted the Surf Club's applications. In 2008, the petitioner commenced a CPLR article 78 proceeding seeking to annul the BZA's determination. The Supreme Court granted that petition, annulled the determination, and remitted the matter to the BZA for a new determination.

Following remittal, and after a public hearing in 2011, the BZA again granted the Surf Club's applications. The petitioner commenced this second CPLR article 78 proceeding, alleging

that the BZA's determination was arbitrary and capricious. The Supreme Court, inter alia, denied those branches of the petition which were to annul so much of the BZA's determination as granted the Surf Club's applications for a certificate of existing use and an extension of nonconforming use. The petitioner appeals.

"The determination of a local zoning board is entitled to great deference, and will be set aside only if it is illegal, arbitrary and capricious, or irrational" (*Matter of Waterways Dev. Corp. v Town of Brookhaven Zoning Bd. of Appeals*, 126 AD3d 708, 711 [2015]). "It is the law of this state that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance" (*Matter of Cinelli Family Ltd. Partnership v Scheyer*, 50 AD3d 1136, 1137 [2008] [internal quotation marks omitted]). "However, the owner must establish that the allegedly pre-existing use [or structure] was legal prior to the enactment of the prohibitive zoning ordinance which purportedly rendered it nonconforming" (*Matter of Keller v Haller*, 226 AD2d 639, 640 [1996]).

Here, the Surf Club established that its existing use of the clubhouse, office building, and one-family dwelling was legal prior to the enactment of the zoning ordinance which rendered that existing use nonconforming (*see* Code of Town of Brookhaven §§ 85-16, 85-883; *Matter of Keller v Haller*, 226 AD2d 639 [1996]; *cf. Matter of Sampino v Zoning Bd. of Appeals of Town of Islip*, 220 AD2d 672 [1995]). Accordingly, the Surf Club established the existence of a legal nonconforming use, and it was not arbitrary and capricious or irrational for the BZA to grant the Surf Club a certificate of existing use.

However, the Surf Club's erection of the decks, the awning, the gazebo, and the detached shed on its premises, and the completion of certain alterations to its clubhouse, constituted an impermissible extension of that nonconforming use, not a mere increase in volume or intensity of the same nonconforming use (*see Matter of 550 Halstead Corp. v Zoning Bd. of Appeals of Town / Vil. of Harrison*, 1 NY3d 561 [2003]; *cf. Matter of Piesco v Hollihan*, 47 AD3d 938 [2008]). As such, the BZA's determination to grant the Surf Club's application for an extension of nonconforming use violated Code of Town of Brookhaven § 85-883 (A) (2), which prohibits the extension of nonconforming uses. Accordingly, the portion of the BZA's determination which granted the Surf Club's application for an extension of nonconforming use was arbitrary and capricious and should have been annulled by the Supreme Court.

The petitioner's remaining contentions are without merit.
Hall, J.P., Cohen, LaSalle and Connolly, JJ., concur.