The People of the State of New York, Respondent,
against
1262 NY, LLC, Appellant.




Mitchell Dranow, Esq., for appellant.
Huntington Town Attorney's Office (Jacob C. Turner, Esq.), for respondent.

Appeal from a judgment of the District Court of Suffolk County, Third District (C. Stephen Hackeling, J.; op 47 Misc 3d 1203[A], 2015 NY Slip Op 50376[U] [2015]), rendered May 4, 2015. The judgment convicted defendant, after a nonjury trial, of failing to have certificates of occupancy and/or certificates of permitted use.




ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, following a nonjury trial, defendant, as owner of certain property, was convicted of failing to have certificates of occupancy and/or certificates of permitted use in violation of Huntington Town Code § 198-120 (A) in that defendant "did maintain and/or allowed there to be maintained two apartments on the main rear level . . . for which a certificate of occupancy and/or certificate of permitted use has not been issued" (see Town of Huntington v 1262 NY, LLC, 47 Misc 3d 1203[A], 2015 NY Slip Op 50376[U] [District Ct, Suffolk County 2015]). The two apartments at issue are contained in a building located on the corner of New York Avenue and 2nd Street. 
On appeal, defendant contends, among other things, that Huntington Town Code § 198-120 (A) is preempted by the Uniform Fire Prevention and Building Code; that the People were collaterally estopped from charging it with failing to have certificates of occupancy and/or certificates of permitted use for the two apartments because, in 2003, as a result of an order in a prior case, a letter-in-lieu of certificate of occupancy (letter-in-lieu) had been issued for the [*2]property; and that the People did not show that defendant was required to have certificates of occupancy and/or certificates of permitted use due to the fact that a letter-in-lieu had been issued. In 2008, defendant purchased the property in question, which consists of a lot containing a building located on the corner of New York Avenue and 2nd Street in the Town of Huntington Station, and a second building facing 2nd Street, which building is located behind the first building. The record on appeal indicates that a prior owner of the property had pleaded guilty in 2003 to numerous charges involving the property, and was sentenced to fines and a conditional discharge which contained a condition that he "obtain [a] certificate of occupancy or letter [in] lieu [for the] two-family dwelling located in rear building" facing 2nd Street. A 2003 letter-in-lieu, which was subsequently issued, references two buildings on the property and states that certificates of occupancy and/or certificates of permitted use cannot be provided for the property because "the structure(s) was (were) erected prior to 1934."
Defendant's contention that Huntington Town Code § 198-120 (A) is preempted by the Uniform Fire Prevention and Building Code is raised for the first time on appeal and, therefore, is unpreserved for appellate review (see Matter of Traekwon I., 152 AD3d 431 [2017]; People v Stedge, 135 AD3d 1170, 1172 [2016]; People v Scott, 126 AD3d 645, 646 [2015]). In any event, this contention lacks merit, as Huntington Town Code § 198-120 (A) is not preempted by the Uniform Fire Prevention and Building Code (see generally Executive Law § 379 [3]).
The Huntington Town Code does not address letters-in-lieu; however, the record indicates that the Town will issue such a letter if it determines that a building predates the Town's zoning code. If a building lawfully existed before the time the Town Code was enacted,[FN1]
but did not conform to the newly enacted code, the building is considered a nonconforming use (see Huntington Town Code § 198-2). Zoning regulations cannot prohibit an existing use to which the property in question is devoted at the time of the regulations' enactment (see Matter of Syracuse Aggregate Corp. v Weise, 51 NY2d 278 [1980]; Matter of Keller v Haller, 226 AD2d 639, 640 [1996]).

Huntington Town Code § 198-107.1 provides as follows:

"Nonconforming use designated as an affirmative defense.

In any prosecution for a violation of the provisions of this chapter, it is an affirmative defense that the building, structure or use is a nonconforming use as defined in §198-2. A defendant who raises this affirmative defense must plead and prove it by a preponderance of the evidence."

Huntington Town Code § 198-2 defines a "nonconforming use" as "Any building, . . . structure . . . existing at the time of enactment of this chapter or any amendment thereto which does not conform to the zoning regulations . . . by reason of the enactment of this chapter." Thus, to prove a nonconforming use affirmative defense, the property owner must establish that the allegedly preexisting use was legal prior to the enactment of the prohibitive ordinance which purportedly rendered it nonconforming (see Matter of Keller v Haller, 226 AD2d at 640), and that the [*3]property had not been altered after the enactment of the ordinance. We note that a "Letter in Lieu . . . issued by the Building Department . . . does not bind a municipality to a course of conduct if there is a violation of its own ordinances" (see Matter of Straub v Modelewski, 2007 N.Y. Slip Op. 32481(U), 2007 WL 3235496 [Sup Ct, Suffolk County, June 19, 2007, No. 0022759-2006]). 

In the case at bar, it is uncontroverted that, in 2003, a letter-in-lieu was issued for the buildings located on the property which defendant purchased in September 2008. Contrary to the People's argument that the letter-in-lieu applies only to the person who requested it, the letter clearly runs with the building(s) it references (see e.g. Matter of Straub v Modelewski, 2007 WL 3235496). It was defendant's burden to show, by a preponderance of the evidence, that the two first-floor apartments existed at the time of the enactment of the Town Code and had not been altered at any time thereafter up until the time of the alleged violation in April 2012 (see Huntington Town Code §§ 198-107.1, 198-2; see e.g. Matter of Straub v Modelewski, 2007 WL 3235496). Upon a review of the record, we find that defendant failed to meet its burden. Defendant's remaining contentions lack merit. Consequently, the District Court properly convicted defendant of failing to have certificates of occupancy and/or certificates of permitted use in violation of Huntington Town Code § 198-120 (A). 

Accordingly, the judgment of conviction is affirmed.

MARANO, P.J., TOLBERT and GARGUILO, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 16, 2017



Footnotes

Footnote 1:The Huntington Town Code was first enacted in 1934 and the Town Code relevant to the case at bar was enacted on June 3, 1969.