Matter of Labate v DeChance (2020 NY Slip Op 07196)





Matter of Labate v DeChance


2020 NY Slip Op 07196


Decided on December 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2019-00447
 (Index No. 3380/18)

[*1]In the Matter of Vincent Labate, appellant,
v
Paul M. DeChance, etc., et al., respondents.


Fredrick P. Stern, P.C., Nesconset, NY, for appellant.
Annette Eaderesto, Town Attorney, Farmingville, NY (John Doyle of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Brookhaven dated May 18, 2018, which, after a hearing, denied the petitioner's application for a certificate of existing use, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated October 30, 2018. The judgment denied the petition and dismissed the proceeding.
ORDERED that the judgment is reversed, on the law, with costs, the petition is granted, the determination is annulled, and the matter is remitted to the Zoning Board of Appeals of the Town of Brookhaven for the issuance of the requested certificate of existing use.
The petitioner is the owner of real property on Prince Road, in Rocky Point, Suffolk County. Prior to the petitioner's ownership, the property had been used to provide water to a private water company owned by Anthony Sini. According to Anthony Sini's wife, Emily Sini, the property had been used to store construction equipment, such as trucks, trench diggers, backhoes, and cars, since 1947. This type of use was later prohibited by the Code of the Town of Brookhaven. The petitioner contracted to buy the property in 1998, and closed the sale in August 2001. The petitioner operates a construction company, and continued to store construction equipment on the property. According to the petitioner, aside from a three-month gap between the water company's departure from the property and his arrival, the property had been used continuously to store construction equipment.
On June 28, 2012, the petitioner applied for a certificate of existing use, to allow him to continue storing construction equipment on the property as a prior nonconforming use. At the ensuing hearing before the respondent Zoning Board of Appeals of the Town of Brookhaven (hereinafter the Board), the petitioner and Emily Sini testified. The petitioner also submitted an affidavit from 87-year-old Mary De Marco, who was familiar with the property, and who stated: "To the best of my knowledge [the property] has been in use as a pump house for the sini water co. and outdoor storage of trucks and miscellaneous equipment and materials continuously since 1947. I am not a family member or have any relationship with the present owner of said property." In opposition, without objection, the Board accepted aerial photographs of the property taken in 1962, [*2]1984, and 2001, showing the property devoid of construction equipment. In a determination dated May 18, 2018, the Board denied the petitioner's application, concluding that the petitioner "failed in his burden to prove that the subject nonconforming use existed without interruption since its inception."
On June 22, 2018, the petitioner commenced the instant CPLR article 78 proceeding to annul the Board's determination. In a judgment dated October 30, 2018, the Supreme Court denied the petition and dismissed the proceeding, finding that the Board's determination had a rational basis, and was not arbitrary or capricious. The petitioner appeals.
A determination of a zoning board should be sustained on judicial review if it has a rational basis, and is not arbitrary and capricious (see Matter of Kaye v Zoning Bd. of Appeals of the Vil. of N. Haven, 185 AD3d 820, 821; Matter of Schweig v City of New Rochelle, 170 AD3d 863). Where a rational basis for the determination exists, "a court may not substitute its own judgment for that of the board, even if such a contrary determination is itself supported by the record" (Matter of Retail Prop. Trust v Board of Zoning Appeals of Town of Hempstead, 98 NY2d 190, 196).
"It is the law of this state that nonconforming uses or structures, in existence when a zoning ordinance is enacted, are, as a general rule, constitutionally protected and will be permitted to continue, notwithstanding the contrary provisions of the ordinance" (Matter of Cinelli Family Ltd. Partnership v Scheyer, 50 AD3d 1136, 1137 [internal quotation marks omitted]). "[T]he determination of a zoning board regarding the continuation of a preexisting nonconforming use must be sustained if it is rational and supported by substantial evidence, even if the reviewing court would have reached a different result" (Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville, 98 NY2d 683, 685). As relevant to the property at issue, Code of the Town of Brookhaven § 85-883(A)(6) states that "[t]he substantial discontinuance of any nonconforming use for a period for one year or more terminates such nonconforming use of a structure."
We disagree with the Supreme Court's conclusion that the Board's determination had a rational basis. The testimony of Emily Sini and of the petitioner, as well as De Marco's affidavit, established that the property had been used to store construction equipment continuously since 1947, except for a three-month gap between the water company's departure from the property and the petitioner's arrival (see Matter of TAC Peek Equities, Ltd. v Town of Putnam Val. Zoning Bd. of Appeals, 127 AD3d 1216, 1217; Walter v Harris, 163 AD2d 619, 621). The aerial photographs submitted in opposition did not rebut this evidence, inasmuch as they failed to demonstrate a one-year cessation in storage activity on the property. Thus, the Board should have granted the petitioner's application. Since the Board's determination was irrational, and arbitrary and capricious, the Supreme Court should have granted the petition, annulled the Board's determination, and remitted the matter to the Board for the issuance of the requested certificate of existing use (see Matter of Abbatiello v Town of N. Hempstead Bd. of Zoning Appeals, 164 AD3d 785, 787; Matter of Cinelli Family Ltd. Partnership v Scheyer, 50 AD3d at 1138; Matter of Keller v Haller, 226 AD2d 639).
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court