Matter of Brennan v Hobbs (2021 NY Slip Op 02152)





Matter of Brennan v Hobbs


2021 NY Slip Op 02152


Decided on April 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-10160
 (Index No. 1874/17)

[*1]In the Matter of Matthew I. Brennan, appellant,
v
Kevin Hobbs, etc., et al., respondents.


Matthew I. Brennan, New City, NY, appellant pro se.
Thomas Mascola, Town Attorney, New City, NY (Harold Y. MacCartney, Jr., of counsel), for respondents.



DECISION & ORDER
In an proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Clarkstown dated September 11, 2017, which, after a hearing, denied the petitioner's application for a use variance, the petitioner appeals from a judgment of the Supreme Court, Rockland County (Sherri L. Eisenpress, J.), entered June 29, 2018. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
On May 8, 2017, the petitioner applied to the Zoning Board of Appeals of the Town of Clarkstown (hereinafter the ZBA) for a use variance to allow him to use his residence as a two-family residence. After a public meeting, the ZBA denied the application. The petitioner commenced this CPLR article 78 proceeding to review the ZBA's determination. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary or an abuse of discretion" (Matter of Ifrah v Utschig, 98 NY2d 304, 308). To qualify for a use variance premised upon unnecessary hardship, there must be a showing that (1) the property cannot yield a reasonable return if used only for permitted purposes as currently zoned, (2) the hardship resulted from unique characteristics of the property, (3) the proposed use would not alter the character of the neighborhood, and (4) the alleged hardship was not self-created (see Town Law § 267-b[2][b]; Matter of DeFeo v Zoning Bd. of Appeals of Town of Bedford, 137 AD3d 1123, 1125-1126; Matter of Westbury Laundromat, Inc. v Mammina, 62 AD3d 888, 891). Here, the petitioner did not establish unnecessary hardship warranting the issuance of a use variance. He failed to make the requisite showing that he could not yield a reasonable return if the property were used only for permitted purposes as currently zoned, that the hardship resulted from unique characteristics of the property, that the proposed use would not alter the character of the neighborhood, or that the alleged hardship was not self-created.
The petitioner's remaining contentions are without merit.
Accordingly, the ZBA's determination was not illegal, arbitrary, or an abuse of discretion. Therefore, the Supreme Court properly denied the petition and, in effect, dismissed the proceeding.
RIVERA, J.P., CONNOLLY, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court