Matter of Gasparini v Zoning Bd. of Appeals of the Town of Newburgh (2023 NY Slip Op 06249)

Matter of Gasparini v Zoning Bd. of Appeals of the Town of Newburgh

2023 NY Slip Op 06249

Decided on December 6, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LARA J. GENOVESI
WILLIAM G. FORD
LILLIAN WAN, JJ.

2021-02888
 (Index No. 6085/20)

[*1]In the Matter of Emma Lynn Gasparini, appellant,
v
Zoning Board of Appeals of the Town of Newburgh, respondent.

Law Office of Charles T. Bazydlo, P.C., Thompson Ridge, NY, for appellant.
Dickover, Donnelly & Donovan, LLP, Goshen, NY (David A. Donovan of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Newburgh dated June 25, 2020, which, after a hearing, denied the petitioner's application for a determination that the use of the subject property as a two-family dwelling constituted a legal preexisting nonconforming use, or, in the alternative, for a use variance, the petitioner appeals from a judgment of the Supreme Court, Orange County (Maria S. Vazquez-Doles, J.), dated April 5, 2021. The judgment denied the petition and, in effect, dismissed the proceeding.
ORDERED that the judgment is affirmed, with costs.
The petitioner is the owner of real property located in the Town of Newburgh which is improved by a two-floor residential dwelling built in 1900 (hereinafter the property). The property is located in an area which was formerly zoned for both one- and two-family dwellings, but in 1991, the area was rezoned for one-family dwellings (see Local Law No. 5-1991 of Town of Newburgh). The petitioner purchased the property in 2017 and renovated it. In August 2018, the petitioner began renting each floor as a separate apartment.
In 2019, the petitioner applied to the Zoning Board of Appeals of the Town of Newburgh (hereinafter the Board) for a determination that the use of the property as a two-family dwelling constituted a legal preexisting nonconforming use. In the alternative, the petitioner requested a use variance. Following a hearing, the Board denied the application. The petitioner thereafter commenced this proceeding pursuant to CPLR article 78 to annul the Board's determination. In a judgment dated April 5, 2021, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"Judicial review of a determination of an administrative agency is limited to whether the action taken by the agency was illegal, arbitrary and capricious, or an abuse of discretion" (Matter of McDonald v Zoning Bd. of Appeals of Town of Islip, 31 AD3d 642, 642). "In general, the determination of a zoning board regarding the continuation of a preexisting nonconforming use must be sustained if it is rational and supported by substantial evidence, even if the reviewing court would have reached a different result" (Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of [*2]Southampton, 137 AD3d 1289, 1292 [internal quotation marks omitted]; see Matter of Labate v DeChance, 189 AD3d 838, 840). "A use of property that existed before the enactment of a zoning restriction that prohibits the use is a legal nonconforming use" (Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton, 137 AD3d at 1291-1292 [internal quotation marks omitted]; see Matter of P.M.S. Assets v Zoning Bd. of Appeals of Vil. of Pleasantville, 98 NY2d 683, 684-685; Matter of Keller v Haller, 226 AD2d 639, 640).
Here, the record demonstrates that the Board's determination had a rational basis and was not arbitrary and capricious (see Matter of Labate v DeChance, 189 AD3d at 840). The evidence presented to the Board failed to establish that the use of the property as a two-family dwelling existed in 1991 when the zoning regulation prohibiting two-family dwellings was enacted. Accordingly, the Supreme Court properly denied that branch of the petition which was to annul so much of the determination as denied that branch of the application which was for a determination that the use of the property as a two-family dwelling constituted a legal preexisting nonconforming use (see Matter of Sand Land Corp. v Zoning Bd. of Appeals of Town of Southampton, 137 AD3d at 1292).
"Local zoning boards have broad discretion in considering applications for variances, and judicial review is limited to determining whether the action taken by the board was illegal, arbitrary[,] or an abuse of discretion" (Matter of Brennan v Hobbs, 193 AD3d 725, 726 [internal quotation marks omitted]). In order to qualify for a use variance, the proponent of the variance must establish that the use of the property as zoned creates an "unnecessary hardship" (see Town Law § 267-b[2][b]). An unnecessary hardship exists where (1) the property cannot yield a reasonable return if used only for permitted purposes as currently zoned, (2) the hardship results from the unique characteristics of the property, (3) the proposed use would not alter the character of the neighborhood, and (4) the alleged hardship is not self-created (see id.; Matter of Brennan v Hobbs, 193 AD3d at 726; Matter of Westbury Laundromat, Inc. v Mammina, 62 AD3d 888, 891).
Here, the petitioner did not establish an unnecessary hardship warranting a use variance. She failed to present evidence in "dollars and cents" form that the property could not yield a reasonable return as a one-family dwelling (Matter of Park Hill Residents' Assn., Inc. v Cianciulli, 234 AD2d 464, 464 [internal quotation marks omitted]). Further, the Board had a rational basis to conclude that the petitioner failed to demonstrate that the hardship resulted from the unique characteristics of the property, that the proposed use would not alter the character of the neighborhood, or that the alleged hardship was not self-created (see Matter of Brennan v Hobbs, 193 AD3d at 726). Since the Board's determination denying a use variance was not illegal, arbitrary, or an abuse of discretion, the Supreme Court properly denied that branch of the petition which was to annul that portion of the determination (see id.; Matter of Westbury Laundromat, Inc. v Mammina, 62 AD3d at 891).
IANNACCI, J.P., GENOVESI, FORD and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court